HALL GRIFFIN LLP
HOWARD D. HALL, State Bar No. 145024
  *hhall@hallgriffin.com*
VALERIE J. SCHRATZ, State Bar No. 272418
  *vschratz@hallgriffin.com*
ELENA A. LEONARD, State Bar No. 303838
  *eleonard@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Creditor/Movant
NATIONSTAR MORTGAGE LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re: Hans Nearhoff, Debtor | CASE NO. 8:17-bk-13818-ES |
| | Chapter 13 |
| | JUDGE: Erithe A. Smith<br>CTRM:  5A |
| | **DECLARATION OF ELENA A. LEONARD IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND *IN REM* ORDER** |
| | DATE:    June 21, 2018<br>TIME:    10:00 a.m.<br>CTRM.:    5A |

## DECLARATION OF ELENA A. LEONARD

I, Elena A. Leonard, declare as follows:

1.    I am an attorney at law duly licensed to practice before all of the courts in the State of California.  I am an attorney with the law firm of Hall Griffin LLP, counsel of record for Creditor/Movant NATIONSTAR MORTGAGE LLC ("Nationstar") in this action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.    On July 29, 2015, Petitioner Hans Nearhoff ("Mr. Nearhoff") initiated a lawsuit entitled *Hans Nearhoof v. Nationstar Mortgage LLC, et al.*, Superior Court of

1  Orange County, Case No. 30-2015-00801628-CU-OR-CJC ("First Lawsuit").  A true and
2  correct copy of the Complaint is attached to this declaration as Exhibit A.

3        3.      On November 10, 2016, Mr. Nearhoof filed a Request for Dismissal of the
4  First Lawsuit without prejudice and the Court entered a Dismissal on November 10, 2016.
5  A true and correct copy of the Request for Dismissal is attached to this declaration as
6  Exhibit B.

7        4.      On June 20, 2017, Mr. Nearhoof filed his second lawsuit in the Superior
8  Court of Orange County, entitled *Hans Nearhoof v. Nationstar Mortgage LLC, et al.*, Case
9  Number 30-2017-00927329-CU-OR-CJC.  A true and correct copy of the Complaint is
10  attached to this declaration as Exhibit C.

11        5.      On July 6, 2017, I spoke with Mr. Nearhoof's attorney Mr. GianDominic
12  Vitiello ("Mr. Vitiello") to discuss an upcoming hearing on Mr. Nearhoof's request for a
13  preliminary injunction and a potential out-of-court resolution of the case.  During this
14  telephone call, Mr. Vitiello stated that if he were to lose the preliminary injunction hearing,
15  Mr. Nearhoof would file for bankruptcy to stop the foreclosure sale.

16        6.      On July 11, 2017, the Court held a hearing on Mr. Nearhoof's request for a
17  preliminary injunction in the Second Lawsuit.  The Judge denied Mr. Nearhoof's
18  application and noted that there was a strong suggestion of Mr. Nearhoof having "unclean
19  hands" and being dishonest.  A true and correct copy of the Notice of Ruling filed on July
20  11, 2017 is attached to this declaration as Exhibit D.

21        7.      In light of Mr. Nearhoof's loss at the July 11, 2017, I once again suggested
22  an out-of-court settlement to resolve this litigation.  A true and correct copy of my email to
23  Mr. Vitiello dated July 11, 2017 is attached to this declaration as Exhibit E.

24        8.      On August 31, 2017, I and my supervising attorney Jered Ede ("Mr. Ede")
25  were contacted by a man by the name of John Edwards ("Mr. Edwards")who claimed to be
26  taking over representation of Mr. Nearhoof.  Mr. Edwards threatened a bankruptcy filing
27  so that the upcoming foreclosure would be delayed.  A true and correct copy of Mr. Ede's

28

HALL GRIFFIN

1    email to Mr. Vitiello (with a copy to me) dated August 31, 2017 is attached to this

2    declaration as Exhibit F.

3        9.    While the parties were in settlement discussions, on September 18, 2018, Mr.

4    Vitiello advised Mr. Ede and I that Mr. Nearhoof has instructed him to file a request for

5    dismissal of the Second Lawsuit without prejudice.  The Court entered a Dismissal on

6    September 18, 2017.  *See* a true and correct copy of the Request for Dismissal entered on

7    November 10, 2016 attached hereto as Exhibit G.

8        10.    Neither Mr. Nearhoof nor his attorneys have informed Nationstar of this

9    bankruptcy filing until the day of the foreclosure sale.  Because there was insufficient time

10    to stop the foreclosure, the sale went forward on September 27, 2017.  However, upon

11    learning of this bankruptcy filing, Nationstar rescinded the foreclosure sale.

12        I declare under penalty of perjury under the laws of the United States of America

13    that the foregoing is true and correct.

14        Executed on this 24th day of May, 2018, at Santa Ana, California.

15

16

17    _____
      Elena A. Leonard

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ELENA A. LEONARD IN SUPPORT OF
MOTION FOR RELIEF FROM STAY AND *IN REM* ORDER
P:\DOCS\Nationstar.Nearhoof (Refile)\Pleadings\Motion for Relief from Stay.Decl.docx

HALL GRIFFIN

# EXHIBIT A

GIANDOMINIC VITIELLO (SBN #262244)
gdvitiello@kvklawyers.com
**KATCHKO, VITIELLO & KARIKOMI, PC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064
Tel.: (310) 943-9587
Fax: (424) 204-0401

Attorney for Plaintiff
HANS NEARHOOF

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/29/2015** at 03:17:17 PM
Clerk of the Superior Court
By Kosal Thach, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

HANS NEARHOOF, an individual,

　　　　　Plaintiff,

　　v.

NATIONSTAR MORTGAGE, LLC, a
Delaware limited liability company,
VERIPRISE PROCESSING SOLUTIONS,
LLC, a Delaware limited liability company,
THE BANK OF NEW YORK MELLON AS
TRUSTEE FOR CHL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2003-
56, a New York corporation; BARRETT
DAFFIN FRAPPIER TREDER & WEISS,
LLP, a California limited liability partnership;
NDEX WEST, LLC, a Delaware limited
liability company; and DOES 1 through 100,
inclusive,

　　　　　Defendants.

Case No:　30-2015-00801628-CU-OR-CJC

Judge Andrew P. Banks

**COMPLAINT FOR:**

1. **VIOLATIONS OF <u>CAL. CIV. CODE</u> § 2923.6**

2. **VIOLATIONS OF <u>CAL. CIV. CODE</u> § 2923.7**

3. **VIOLATIONS OF <u>CAL. CIV. CODE</u> § 2923.55**

4. **DECLARATORY RELIEF**

5. **NEGLIGENCE**

6. **VIOLATIONS OF <u>BUS. & PROF. CODE</u> §§ 17200, *ET SEQ.***

7. **VIOLATIONS OF <u>CAL. CIV. CODE</u> § 2924.10**

8. **INJUNCTIVE RELIEF**

[*Amount in controversy exceeds $25,000*]

　　　　Plaintiff HANS NEARHOOF (hereinafter "Plaintiff") based on personal knowledge as to

his own conduct and actions, and based upon information and belief as to all others, hereby alleges

the following:

COMPLAINT - 1

**PARTIES**

1.      Plaintiff is, and at all times relevant hereto was, an individual residing in the County of Orange, State of California.

2.      Defendant NATIONSTAR MORTGAGE, LLC (hereinafter "Defendant NATIONSTAR") is, and at all times relevant hereto was, a Delaware limited liability company actively conducting business within the state of California, County of Orange.  Defendant NATIONSTAR has assumed the mortgage servicing obligations associated with the property subject of this action and is now pursuing the foreclosure of the same in violation of California pre-foreclosure statutes as amended by SB900, known as the California Homeowner Bill of Rights.

3.      Defendant VERIPRISE PROCESSING SOLUTIONS, LLC, (hereinafter "Defendant VERIPRISE") is, and at all times relevant hereto was, a Delaware limited liability company actively conducting business within the state of California, county of Orange. Defendant VERIPRISE was appointed and is now the trustee to the deed of trust securing the mortgage subject of this action, as more fully described herein.

4.      Defendant THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-56, (hereinafter individually "Defendant BNYM") is a New York corporation actively conducting business within the state of California, County of Orange.  At all times relevant hereto, Defendant BNYM has been and is the beneficiary to the mortgage which underlies this action.   At all times relevant hereto, Defendant BNYM has controlled or has otherwise exercised dominion over the performance, actions and conduct of Defendants NATIONSTAR and VERIPRISE such that these entities have acted in common, in concert, and in conspiracy with one another at times alleged herein.

5.      Defendant BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, (hereinafter individually "Defendant BDFTW") is at all times relevant hereto was, a California limited liability partnership actively conducting business within the state of California, county of Orange.

6.      Defendant NDEX WEST, LLC, (hereinafter individually "Defendant NDEX") is at all times relevant hereto was, a Delaware limited liability company actively conducting business within the state of California, county of Orange.

7.      Defendants BDFTW and NDEX are commonly owned corporate entities and each of them use the name of the other interchangeably. At all times material hereto, Plaintiff alleges that Defendants BDFTW and NDEX have acted in concert and in conspiracy with one another.

8.      The true names and capacities of defendants sued herein as DOE Defendants are presently unknown to Plaintiff who therefore sue under these fictitious names.   Upon ascertainment of the true names and capacities of these DOE Defendants, Plaintiff will seek leave to amend this Complaint to allege the same.   Plaintiff is informed and based thereon allege that DOE Defendants, and each of them, were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

9.      Plaintiff is informed and believe and based thereon alleges that at all times relevant hereto each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

//
//
//
//
//
//
//
//
//

**Katchko, Vitiello & Karikomi, PC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Katchko, Vitiello & Karikomi, PC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

## GENERAL ALLEGATIONS

10.    Plaintiff is entitled to continued possession and ownership of a parcel of real property commonly known as 2495 Tequestra, city of Tustin, county of Orange, state of California 92782 (hereinafter the "subject property") which is the subject of this action and which is more fully described as:

**PARCEL 1:**

**UNIT NO. 18, IN THE CITY OF TUSTIN, COUNTY OF ORANGE, STATE OF CALIFORNIA, CONSISTING OF CERTAIN AIRSPACE AND SURFACE ELEMENTS, AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN (PLAN) FOR PHASE 1 OF CORTE VILLA, WHICH PLAN WAS RECORDED OCTOBER 25, 1990 AS INSTRUMENT NO. 90-568251 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.**

**PARCEL 2:**

**AN UNDIVIDED ONE/TWENTY-EIGHTH (1/28TH) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO ALL OF THE REAL PROPERTY, INCLUDING WITHOUT LIMITATION THE COMMON AREA DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR CORTE VILLA (DECLARATION, RECORDED OCTOBER 25, 1990 AS INSTRUMENT NO. 90-568250 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, IN LOT 1 OF TRACT NO. 13796, AS SHOWN ON A MAP RECORDED IN BOOK 650, PAGES 43 TO 47 INCLUSIVE OF MISCELLANEOUS MAPS, RECORDS OF SAID ORANGE COUNTY.
EXCEPTING THEREFROM, ALL OF THE UNITS AS SHOWN ON THE PLAN.
ALSO EXCEPTING ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND**

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AS RESERVED BY THE IRVINE COMPANY IN DEED RECORDED JULY 21, 1988 AS INSTRUMENT NO. 88-353759 OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE LAND OR OWNED OR USED BY GRANTOR IN CONNECTION WITH OR WITH RESPECT TO THE LAND (NO MATTER HOW ACQUIRED BY GRANTOR) WHETHER SUCH WATER RIGHTS SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING, PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, REDRILL, REMOVE AND STORE THE SAME FROM OR IN THE LAND OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, RIGHTS OR []ITS ON ANY OTHER PROPERTY OWNED OR LEASED BY GRANTOR; BUT WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF THE LAND IN THE EXERCISE OF SUCH RIGHTS, AS RESERVED BY THE IRVINE COMPANY, A MICHIGAN CORPORATION IN THE DEED RECORDED JULY 21, 1988 AS INSTRUMENT NO. 88-353759 OF OFFICIAL RECORDS.

PARCEL 3:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE,

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

ENCORACHMENT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS MAY BE SHOWN IN THE PLAN, AND AS ARE DESCRIBED IN THE MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, AND RESERVATION OF EASEMENTS FOR TUSTIN RANCH COMMUNITY ASSOCIATION II (MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, AND RESERVATION OF EASEMENTS FOR TUSTIN RANCH COMMUNITY ASSOCIATION II (MASTER DECLARATION), RECORDED AUGUST 1, 1990 AS INSTRUMENT NO. 90-408228 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 4:

EXCLUSIVE EASEMENTS APPURTENANT TO PARCELS 1 AND 2 DESCRIBED ABOVE FOR REAR YARD PURPOSES OVER THE AREA SHOWN AND ASSIGNED ON EXHIBIT "D" TO THE DECLARATION AND DESCRIBED AS AN EXCLUSIVE USE COMMON AREA IN THE DECLARATION.

PARCEL 5:

EXCLUSIVE EASEMENTS APPURTENANT TO PARCELS 1 AND 2 DESCRIBED ABOVE FOR DECK PURPOSES, AS SHOWN AND ASSIGNED IN THE PLAN AND DESCRIBED AS AN EXCLUSIVE USE COMMON AREA IN THE NOTICE.

11.   The subject property is, and at all times material has been, Plaintiff's owner occupied residence.

12.   This matter concerns a massive scheme of fraudulent, deceptive, unlawful, deceitful, and negligent business practices being carried out by the Defendants related to the foreclosure of California home properties.  Specifically, banks, such as those named herein, purchase and acquire servicing rights to defaulted mortgage loans for pennies-on-the-dollar on a secondary market with the intent to monetarily benefit through wrongful foreclosure on financially distressed borrowers.  In the present case, Defendants intend to improperly bypass statutory safeguards to foreclosure and force a foreclosure sale of the subject real property, despite

the borrower's diligent and good faith effort to seek loan modification through protocols implemented by the Defendants and which the Defendants have a duty to see through in good faith. Moreover, Defendants have willfully and negligently serviced the subject loan thereby violating of California's strict pre-foreclosure statutes.

13.    On or around September 19, 2003, Plaintiff executed a first position mortgage secured by a deed of trust encumbering the subject property ("DOT").  The DOT was recorded on September 25, 2003 as Instrument No. 2003001177810.  Plaintiff resides at the subject property.

14.    The underlying loan is a dangerous and volatile loan product. Indeed, the proliferation of these toxic loan products is the direct cause of the current nationwide real estate crisis.

15.    On or about June 26, 2012, the beneficial interest in the DOT was assigned to Defendant BNYM.  Defendant BNYM remains the mortgage beneficiary.

16.    At a time unknown to the Plaintiff, Defendant NATIONSTAR acquired the servicing rights under the subject loan and became the mortgage servicer tasked with the day-to-day mortgage servicing obligations.

17.    In response to the plummeting economic strength of the state of California and personal financial and familial hardship including the death of his father, Plaintiff was stricken with a severe downturn in available household finances. Eventually, Plaintiff defaulted on the loan after several years of making diligent monthly payments.

18.    On or about January 13, 2015, Defendant VERIPRISE was substituted as foreclosure trustee by and through a Substitution of Trustee recorded as instrument number 2015000012134.

19.    On January 13, 2015 Defendant VERIPRISE, acting on behalf of Defendants NATIONSTAR and BNYM caused a Notice of Default ("NOD") to be recorded against the subject property.  (A true and correct copy of the NOD is attached hereto as Exhibit "A").

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

20.     Pursuant to <u>Civil Code</u> §2924, the recording of a Notice of Default marks commencement of California's non-judicial foreclosure process and constitutes an exercise of the power of sale bestowed within the Deed of Trust.

21.     The NOD was recorded by the Defendants in spite of the fact that Defendants had failed in their duties to discuss foreclosure alternatives with Plaintiff as required by <u>Civil Code</u> §2923.55.

22.     Prior to recording the NOD, neither the Defendants nor any of their authorized agents contacted the Plaintiff in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure, as required by §2923.55(a)(2).  Neither the Defendants nor any of their authorized agents advised the Plaintiff of the statutory right to request a meeting regarding foreclosure alternatives which would be scheduled within fourteen (14) days, as required by §2923.55(a)(2).  Neither the Defendants nor any of their authorized agents provided Plaintiff with a toll-free telephone number to contact a United States Department of Housing and Urban Development (HUD) certified housing counseling agency.  Neither the Defendants nor any of their authorized agents employed due diligence in an effort to contact the Plaintiff as required by §2923.55(a)(2).

23.     The extensive passage of time during which Defendants failed to communicate with Plaintiff regarding alternatives to foreclosure constituted a substantial and unreasonable delay which contributes to the damages and harm caused as alleged herein.  This delay was caused primarily by Defendants' substandard contact, servicing, and operations protocols.

24.     Privy to loan modification programs publicized by the federal government, state of California and Defendant NATIONSTAR, such as the Home Affordable Modification Program ("HAMP") and Keep Your Home California ("KYHC") which encourage lending institutions to modify unaffordable loans for borrowers suffering substantial financial hardship, Plaintiff attempted to contact Defendant NATIONSTAR to seek a loan modification.

25.     Plaintiff made reasonable attempts to contact agents and representatives of Defendant NATIONSTAR by telephone, through email, and by facsimile transmission.

1    However, Plaintiff was prevented from having meaningful contact with Defendant

2    NATIONSTAR because of its repeated customer service failures and inability to maintain

3    dedicated employees assigned to Plaintiff's loan file and loss mitigation efforts.  Plaintiff's

4    repeated phone calls would be commonly be interminably transferred or terminated without

5    warning.  If Plaintiff was lucky enough to get through to a live person, that representative was

6    ineffectual and unable to assist Plaintiff with his loan modification inquiry.

7          26.    Eventually Plaintiff was able to procure and complete a loan modification

8    application.  On or about May 28, 2015, Plaintiff submitted to Defendant NATIONSTAR a full

9    and complete loan modification application including all necessary supplementary financial

10   documents, proofs of income, personal and business bank statements, account information, utility

11   bills, profit and loss statements, and declarations describing personal financial hardship.  Plaintiffs

12   submitted materials documented the fact that Plaintiff's finances had materially changed

13   following the passing of his father in late 2014 due to funeral costs and costs associated with

14   managing the resulting estate.  (A redacted copy of the loan modification application is attached

15   hereto as Exhibit "B").

16         27.    Defendant NATIONSTAR failed to complete a review of Plaintiff's application

17   for loan modification.

18         28.    Defendant NATIONSTAR has not denied Plaintiff's application for loan

19   modification on the merits of said application.

20         29.    Defendant NATIONSTAR has not offered Plaintiff a loan modification.

21         30.    The extensive passage of time during which Defendants failed to communicate

22   with Plaintiff regarding alternatives to foreclosure constituted a substantial and unreasonable

23   delay which contributes to the damages and harm caused as alleged herein.  This delay was caused

24   primarily by Defendants' substandard contact, servicing, and operations protocols.

25         31.    On or around April 20, 2015, Defendant VERIPRISE, acting on behalf of

26   Defendant NATIONSTAR and BNYM, recorded a Notice of Trustee's Sale ("NTS") against the

27   subject property as instrument number 2015000199399. (A true and correct copy of the NTS is

28

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

attached hereto as Exhibit "C").

32.    As of the time of this filing, the trustee's sale of the subject property is scheduled for August 16, 2015.

33.    Based on information and belief, the Trustee's Sale of the subject property has been postponed by more than ten (10) days.  Named Defendants have failed to issue notice of such postponement and in doing so have prejudiced Plaintiff's ability to know of the true Trustee's Sale date of the subject property.  The foreclosing Defendants have failed to issue any advisement, either written or otherwise, regarding postponements of the new Trustee's Sale date as required by Civil Code §2924(a)(5).

34.    The NTS was recorded by the Defendants in spite of the fact that the previously recorded NOD was entirely void due to the Defendants failure to comply with Civil Code §2923.55.  Because the NTS is a derivative notice which can only follow issuance and recording of a valid NOD, the NTS too is void and must be set aside.

35.    The NTS was recorded by the Defendants in spite of the fact that the Defendants had failed to discuss alternatives to foreclosure with Plaintiff as required by Civil Code §2923.55 and as a byproduct had issued and recorded a defective NOD.  Because the NTS is a derivative notice which can only follow issuance and recording of a valid NOD, the NTS too is void and must be set aside.

36.    Plaintiff has spent substantial time in preparing documentation for the review of Defendant NATIONSTAR which would have been spent on other endeavours had these Defendants completed their review of Plaintiff's loan modification application as required by statute.

37.    Plaintiff has spent substantial money in preparing documentation for the review of Defendant NATIONSTAR which would have been spent on other endeavours had these Defendants completed their review of Plaintiff's loan modification application as required by statute.

38.    Plaintiff has spent substantial effort in preparing documentation for the review

of Defendant NATIONSTAR which would have been spent on other endeavours had these Defendants completed their review of Plaintiff's loan modification application as required by statute.

39.    Allowing the foreclosure sale to proceed against the subject property would amount to an injustice as this foreclosure sale date has been established regardless of the fact that the Defendants are, and have been, under a duty as required by <u>Civil Code</u> §§2924 and 2923.55 to discuss foreclosure alternatives with Plaintiff prior to pursuing the foreclosure of the subject property.  The Defendants are under a further duty to re-notice Trustee's Sale dates following a postponement of sale lasting ten (10) days or longer.  As a result of the conduct of these Defendants, the recorded NOD and all subsequent foreclosure notices are in fact void and must be set aside.  The Defendants are under a further duty to consider Plaintiff's loan modification application prior to completion of a trustee's sale against the subject property, pursuant to <u>Civil Code</u> §2923.6. Defendant NATIONSTAR has failed to abort foreclosure proceedings presently underway against the subject property.  Instead, the Defendants continue to pursue the foreclosure of the subject property and intend to complete a Trustee's Sale without providing Plaintiff with the opportunity to modify the underlying loan.

40.    At all times material to this matter and all filings, Plaintiff had remained ready, willing, and able to tender payment to the foreclosing Defendants as required by all agreements entered into between the parties.

41.    At the time of the filing of this Complaint, Plaintiff has received information from Defendant NATIONSTAR indicating that the named Defendants intend to Substitute Defendants BDFTW and/or NDEX as trustee under the DOT and that these parties, once substituted, will complete the trustee's sale of Plaintiff's residence.

42.    At the time of the filing of this Complaint, Defendant VERIPRISE has advised the Plaintiff that it will no longer act as trustee under the subject Deed of Trust.  As a result, Plaintiff is unable to tender reinstatement funds to any foreclosure trustee because no trustee will claim responsibility for the position of trustee under the DOT.

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

43.    At the time of the filing of this Complaint, the subject property has not yet been sold at auction, although a sale is presently scheduled for August 16, 2015.

44.    There is no adequate remedy at law which would compensate Plaintiff for the loss of the subject property, which as a matter of law is unique.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

# FIRST CAUSE OF ACTION

## VIOLATIONS OF CAL. CIV. CODE § 2923.6

### (Against All Defendants)

45.    Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

46.    Effective January 1, 2013, SB900, or the California Homeowner Bill of Rights, amended Cal. Civ. Code §2923.6 and specifically noted that "[i]t is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." Cal. Civ. Code §2923.6(b)

47.    Pursuant to Cal. Civ. Code §2923.6(c), if a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

48.    The formerly commonplace practice of pursuing foreclosure while a borrower's first lien loan modification is pending is known as "dual-tracking". By and through SB900 and the amended Cal. Civ. Code §2923.6(c), the California Legislature has outlawed this practice.

49.    Pursuant to Cal. Civ. Code §2924.12(a)(2), injunctive relief obtained by the Plaintiff must stay in place until the Court has determined that the violations of Cal. Civ. Code §2923.6 have been remedied. The alleged violations of Cal. Civ. Code §2923.6(c) have not been, and will not be, remedied until a final decision has been rendered on Plaintiff's "pending" loan modification applications.

50.    Pursuant to Civil Code section 2923.6(g), a mortgage servicer is obligated to evaluate loan modification applications submitted by borrowers who document and report to the servicer a material change in the borrower's financial circumstances since the date of the

borrower's previous application.

51.    On or about May 28, 2015, Plaintiff submitted to Defendant NATIONSTAR a full and complete loan modification application including all necessary supplementary financial documents, proofs of income, personal and business bank statements, account information, utility bills, profit and loss statements, and declarations describing personal financial hardship. Plaintiffs submitted materials documented the fact that Plaintiff's finances had materially changed following the passing of his father in late 2014 due to funeral costs and costs associated with managing the resulting estate.  (See Exhibit "B").

52.    Defendants have failed to respond to Plaintiff's renewed application and documented changed financial circumstances, and have failed to respond meaningfully with regard to Plaintiff's ultimate candidacy for loan modification programs in light of material changes to Plaintiff's financial circumstances in violation of Cal. Civ. Code section 2923.6(g).

53.    Defendants have failed to abort foreclosure proceedings presently underway against the subject property.  Instead, the Defendants continue to pursue foreclosure of the subject property and intend to complete a trustee's sale on August 16, 2015.

54.    Plaintiff has been directly and proximately damaged by Defendants' failure to comply with Cal. Civ. Code § 2923.6 in that Plaintiff has not been afforded adequate opportunity to investigate alternatives before the foreclosure of the subject property. The subject property is at imminent risk of foreclosure.  Defendants have caused the serviceable debt to increase through pursuit of foreclosure, prejudicing Plaintiff's ability to maintain his residence. Plaintiff's loss mitigation efforts, time and money have been wasted as a result of Defendants' failure to adequately respond to Plaintiff's loss mitigation inquiry.  Plaintiff forwent other foreclosure alternatives in hope that the Defendants would comply with statutory loss mitigation review obligations.

//

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

## SECOND CAUSE OF ACTION

## VIOLATIONS OF CIVIL CODE § 2923.7

### (Against Defendants NATIONSTAR and BNYM)

55.     Plaintiffs repeat and re-allege each of the preceding paragraphs and incorporate the same as if set forth herein at length.

56.     Pursuant to Cal. Civil Code section 2923.7, a mortgage servicer is obligated to provide a borrower with a single point of contact ("SPOC") once a borrower requests a foreclosure prevention alternative. The single point of contact is responsible for:

(1)     Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.

(2)     Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.

(3)     Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

(4)     Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.

(5)     Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

Cal. Civ. Code section 2923.7(b).

57.     Plaintiff has requested a foreclosure prevention alternative through loan modification and application therefore.

58.     Defendant NATIONSTAR has failed to provide Plaintiff with a SPOC.  Instead, representatives of Defendant NATIONSTAR contacted by Plaintiff regarding his loss mitigation efforts have failed to themselves available to Plaintiff to discuss foreclosure prevention alternatives.

59.     Defendant NATIONSTAR's representatives have failed to communicate the

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

process for loan modification application and deadline submissions to the Plaintiff.

60.    Defendant NATIONSTAR's representatives have failed to coordinate receipt of all documents associated with available foreclosure prevention alternatives and notify Plaintiff of any missing documents necessary to complete the application.

61.    Defendant NATIONSTAR's representatives have failed to have access to current information and personnel sufficient to timely, accurately, and adequately inform Plaintiff of the current status of the loan modification review.

62.    Defendant NATIONSTAR's representatives have failed to ensure that a borrower is considered for all foreclosure prevention alternatives.

63.    Defendant NATIONSTAR's representatives have failed to have access to individuals with the ability and authority to stop foreclosure proceedings to allow sufficient time for Plaintiff's loan modification review to be completed prior to foreclosure.

64.    Plaintiff has been directly and proximately damaged by Defendants' failure to comply with Cal. Civ. Code § 2923.7 in that Plaintiff has not been afforded adequate opportunity to investigate alternatives before the foreclosure of the subject property. The subject property is at imminent risk of foreclosure.   Defendants have caused the serviceable debt to increase through pursuit of foreclosure, prejudicing Plaintiff's ability to maintain his residence. Plaintiff's loss mitigation efforts, time and money have been wasted as a result of Defendants' failure to adequately respond to Plaintiff's loss mitigation inquiry.   Plaintiff forwent other foreclosure alternatives in hope that the Defendants would comply with statutory loss mitigation review obligations.

//
//
//
//
//

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

Katcho, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

### THIRD CAUSE OF ACTION

### VIOLATION OF CIVIL CODE §2923.55

### (Against Defendants NATIONSTAR and BNYM)

65.     Plaintiffs repeat and re-allege each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

66.     Pursuant to Civil Code §2924, the recording of a Notice of Default marks commencement of California's non-judicial foreclosure process.

67.     Pursuant to Civil Code §2923.55, a mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after establishing contact with borrowers in order to discuss alternatives to foreclosure.

68.     Pursuant to Civil Code § 2923.55 the nature of the contact and discussion regarding alternatives to foreclosure must (1) assess the borrower's financial situation and explore options for the borrower to avoid foreclosure; (2) advise the Plaintiffs of the statutory right to request a meeting regarding foreclosure alternatives which would be scheduled within fourteen days; (3) provide a toll-free telephone number to contact a United States Department of Housing and Urban Development (HUD) certified housing counseling agency for further assistance; and, (4) employ due diligence in an effort to contact the Plaintiffs.

69.     Prior to recording the NOD, Defendants NATIONSTAR and BNYM failed to contact Plaintiffs in order to either assess the borrowers' financial situation and explore options to avoid foreclosure, advise of the statutory right to request a meeting regarding foreclosure alternatives, provide a toll-free telephone number to contact a HUD-certified housing counseling agency, or employ due diligence in an effort to contact the Plaintiffs.

70.     The extensive passage of time during which Defendants NATIONSTAR and BNYM failed to perform as required under Civil Code §2923.55, constituted a substantial and unreasonable delay which contributes to the damages and harm caused as alleged herein. This delay was caused primarily by substandard contact, servicing, and operations protocols routinely employed by these Defendants.

71.    On January 13, 2015, Defendants NATIONSTAR and BNYM directed VERIPRISE to record the NOD against the subject property.  (*See* Exhibit "A").

72.    The NOD was recorded in spite of the fact that Defendants NATIONSTAR and BNYM had failed to (1) assess the borrower's financial situation and explore options for the borrower to avoid foreclosure; (2) advise the Plaintiffs of the statutory right to request a meeting regarding foreclosure alternatives which would be scheduled within fourteen days; (3) provide a toll-free telephone number to contact a United States Department of Housing and Urban Development (HUD) certified housing counseling agency for further assistance; and, (4) employ due diligence in an effort to contact the Plaintiffs.

73.    Because neither Defendants NATIONSTAR and BNYM nor any of their authorized agents contacted Plaintiffs or attempted with due diligence to contact Plaintiffs prior to recording the NOD in order to discuss alternatives to foreclosure, advise Plaintiffs of the statutory right to request a follow-up meeting and to provide a toll-free HUD certified counseling agency prior to recording the NOD, the NOD in question is void and cannot be used as a basis to establish a valid foreclosure sale of the subject property.

74.    Based upon the Defendants' conduct in this regard, all subsequently recorded foreclosure notices are void and carry no legal effect including the NTS.  In addition, any subsequently conducted Trustee's Sale is invalid, void and would transfer no interest in the subject property whatsoever.

75.    Plaintiffs have been directly and proximately damaged by Defendants' failure to comply with Civil Code §2923.55 in that the Plaintiffs were not afforded adequate opportunity to investigate alternatives to the foreclosure of the subject property prior to the recording of the NOD.  Plaintiffs' inability to investigate these avenues of preserving the subject property from sale stands to cause Plaintiffs irreparable injury in that the subject property will be sold at a Trustee's Sale thus depriving Plaintiffs of the right to title and possession of the same.

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

**FOURTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Against All Defendants)**

76.    Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

77.    The wrongdoing which underlies this action was perpetrated by Defendant NATIONSTAR and BNYM, although Defendants VERIPRISE, BDFTW and NDEX as foreclosure trustee are the parties who ultimately hold the power of sale to be exercised upon the subject property.

78.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties with regard to the subject property, and this controversy can only be resolved by the intervention of this Court.

79.    Mainly, a determination must be made as to whether, in light of the circumstances, Defendants have the right to foreclose upon the subject property. These circumstances include non-compliance with pre-foreclosure mandates as codified in the Civil Code.    These circumstances also include the substitution of Defendants BDFTW and NDEX which Defendant NATIONSTAR claims to have processed but which is yet to be reflected in county records.

80.    Specifically, Plaintiff requests an order of this Court as follows:  (1) setting forth the respective rights and obligations of Plaintiff and Defendants relative to performance under Civil Code §§ 2923.6, 2923.7 & 2923.55; (2) setting forth the respective rights and obligations of Plaintiff and Defendants relative to the recording of the NTS; (3) setting forth the respective rights and obligations of Defendants insofar as they should be prevented from conducting a trustee's sale of the subject property (4) and setting forth the respective rights and obligations of Defendants delivering any future Trustee's Deed Upon Sale of the subject property.

81.    Such declarations are necessary and appropriate at this time in order that Plaintiff may ascertain his rights in the subject property. A determination of the respective rights and liabilities of Plaintiff and Defendants is necessary to avoid a circuitry and multiplicity of actions.

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

### (Against Defendants NATIONSTAR and BNYM)

82.    Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

83.    By holding themselves out to offer loan modification alternatives to foreclosure, and providing a means for the Plaintiff to submit applications and documentation for loan modification alternatives to foreclosure, and by and through the passage of Civil Code §2923.6 and 2923.7 these Defendants have been under a duty to handle the submission, application, and processing of loan modification documents competently and in a non-negligent manner.

84.    Accordingly, the duty to competently and professionally process Plaintiff's loan modification application is imposed upon Defendants BNYM, NATIONSTAR.  In undertaking such a duty, Defendants BNYM, NATIONSTAR are bound to act with reasonable care while handling and reviewing Plaintiff's loan modification application, appeal, and supporting documents, including but not limited to routing Plaintiff's documents to the proper departments, responding to Plaintiff's requests, advising Plaintiff of any missing documents, maintaining possession of submissions and payments, assuring that figures are accurately transposed from Plaintiff's materials, and properly reviewing Plaintiff's application and financial documentation for loan modification candidacy.

85.    Plaintiff alleges that Defendant BNYM and NATIONSTAR's conduct as described in this Complaint was intentional and part of an institutional practice of fraud, deception, and deceit.  As more fully discussed herein, and in the alternative to other causes of action which are based upon intentional misconduct, Plaintiff contends that Defendants BNYM, NATIONSTAR failed to perform in a manner required by the abovementioned duties and has therefore acted negligently. These acts of negligence include, but are not limited to:

        a.    Defendants BNYM, NATIONSTAR negligently failed to abide by industry-standard loan modification duties;

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

b.      Defendants BNYM, NATIONSTAR have negligently failed to uphold the representations of its loss mitigation department;

c.      Defendants BNYM, NATIONSTAR have negligently failed to process sensitive financial documentation submitted by Plaintiff;

d.      Defendants BNYM, NATIONSTAR have negligently failed to take any steps to rectify the failures to adequately service Plaintiff's loan;

e.      Defendants BNYM, NATIONSTAR have negligently failed to process Plaintiff's loan modification application documents with the requisite care;

f.      Defendants BNYM, NATIONSTAR have negligently failed to retain possession of time-sensitive document submissions made by Plaintiff;

g.      Defendants BNYM, NATIONSTAR have negligently failed to meaningfully provide Plaintiff with a response as to his loan modification applications;

h.      Defendants BNYM, NATIONSTAR have negligently failed to respond to Plaintiff's complete loan modification application;

i.      Defendants BNYM, NATIONSTAR have negligently failed to assign a single point of contact to Plaintiff's loan file;

j.      Defendants BNYM, NATIONSTAR negligently recorded the NOD;

k.      Defendants BNYM, NATIONSTAR negligently recorded the NTS;

l.      Various other acts of negligence according to proof.

86.     At all times material, Defendants BNYM, NATIONSTAR were under a duty to use such prudence and diligence as other similar institutions commonly possess and exercise in the business of servicing loans.  At all times material, Defendants BNYM, NATIONSTAR were under a duty to use such prudence and diligence as other similar institutions commonly possess and exercise in the business of servicing loans and handling home owner's loan modification applications as well as those duties imposed by Cal. Civ. Code §§ 2923.7 & 2923.6.

87.     At all times material, Defendants BNYM, NATIONSTAR failed to exercise such

1    prudence and diligence in the servicing of Plaintiff's loan.

2        88.    As a direct and proximate result of said negligence, Plaintiff has been substantially

3    damaged in an amount to be proven at trial.    Specifically, Plaintiff has been directly and

4    proximately damaged in the form of at least $100,000 in penalties and fees added to the mortgage

5    loan balance.    Plaintiff has lost the opportunity to qualify for loan modification programs.

6    Plaintiff has suffered the destruction of his credit and furthermore, the subject property remains

7    at imminent risk of foreclosure sale.

8    //

9    //

10    //

11    //

12    //

13    //

14    //

15    //

16    //

17    //

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26

27

28

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

**SIXTH CAUSE OF ACTION**

**VIOLATIONS OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.***

**(Against Defendants NATIONSTAR and BNYM)**

89.    Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

90.    California Business & Professions Code § 17200 ("UCL") bestows upon individuals a private right of action against unlawful business activities. An "unlawful" business activity under the UCL includes anything that can properly be called a business practice and that violates state law. A business practice is "fraudulent" under the UCL if it is likely to deceive the consuming public.

91.    As alleged hereinabove, Defendants BNYM and NATIONSTAR have engaged in a pattern and practice of extensive unlawful and fraudulent conduct related to the servicing of the underlying mortgage and the associated loan modification process. Specifically, Defendants have willfully and negligently handled Plaintiff's loan modification application and appeal thereof and violated California foreclosure statutes.

92.    Indeed, the public at large is likely to be deceived by the Defendants' pattern of conduct. Specifically, the public now faces a growing foreclosure crisis and Defendants use the desperation of homeowners to dupe them into pursuing an illusory modification process. Defendants intend to carry out foreclosures without satisfying the controlling mortgage law. The conduct of Defendant NATIONSTAR deceives the public in that borrowers are subjected to foreclosures which have no basis in law.

93.    The conduct of Defendants BNYM and NATIONSTAR is continuous and ongoing in nature.

94.    Plaintiff has suffered pecuniary loss as a direct and proximate cause of the conduct of these Defendants as alleged in the preceding paragraphs and causes of action in the amount of at least $100,000.00 in unjustifiable foreclosure fees and seek an immediate injunction against the deceitful practices of Defendants BNYM and NATIONSTAR in order to protect the

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

1    public at large.

2        95.        Through unlawful conduct which violates state statute, Defendants BNYM and

3    NATIONSTAR have obtained money from Plaintiff by and through inflating the principal

4    balance of the underlying loan with unjustifiable penalties and foreclosure fees.  Plaintiff hereby

5    requests the restoration and restitution of all money procured through the unlawful conduct as

6    described in this Complaint.  Plaintiff risks being irreparably harmed and/or denied an effective

7    and complete remedy if such an order is not issued by this Court.

8    //

9    //

10   //

11   //

12   //

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26

27

28

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CIVIL CODE §2924.10**

**(Against Defendants NATIONSTAR and BNYM)**

96.     Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

97.     Pursuant to Civil Code §2924.10 (a) "when a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written  acknowledgment of the receipt of the documentation within five business days of receipt."

98.     On or about May 28, 2015, Plaintiff submitted a completed loan modification application to Defendant NATIONSTAR for review for all available loan modification programs.

99.     Defendant NATIONSTAR failed to provide written acknowledgement of the receipt of the documentation to the Plaintiff.

100.    Plaintiff has been directly and proximately damaged by Defendants' failure to comply with Cal. Civ. Code § 2924.1 in that Plaintiff has not been afforded adequate opportunity to investigate alternatives before the foreclosure of the subject property. The subject property is at imminent risk of foreclosure.  Defendants have caused the serviceable debt to increase through pursuit of foreclosure, prejudicing Plaintiff's ability to maintain his residence. Plaintiff's loss mitigation efforts, time and money have been wasted as a result of Defendants' failure to adequately respond to Plaintiff's loss mitigation inquiry.  Plaintiff forwent other foreclosure alternatives in hope that the Defendants would comply with statutory loss mitigation review obligations.

//

//

Katcho, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

1

2

3

# EIGHTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

### (Against All Defendants)

4       101.     Plaintiff repeats and re-alleges each of the preceding Paragraphs and

5   incorporate the same as if set forth herein at length.

6       102.     Pursuant to Civil Code §2924.12(a)(1), if a trustee's deed upon sale has not

7   been recorded, a borrower may bring an action for injunctive relief to enjoin a material

8   violation of California's pre-foreclosure mandates codified at sections 2923.55, 2923.6,

9   2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

10       103.     Plaintiff has alleged violations of sections 2923.55, 2923.6, 2923.7 and

11   2924.10.

12       104.     Pursuant to Civil Code §2924.12(a)(2), any injunction shall remain in place

13   and any trustee's sale shall be enjoined until the court determines that the mortgage servicer,

14   mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation

15   or violations giving rise to the action for injunctive relief. An enjoined entity may move to

16   dissolve an injunction based on a showing that the material violation has been corrected and

17   remedied.

18       105.     Plaintiff is entitled to a preliminary injunction under Code of Civil Procedure

19   §§2924.12 enjoining Defendants' ongoing material violations of Civil Code §§ 2923.55,

20   2924.10, 2923.7 and 2923.6, as more fully alleged herein.  Defendants, and each of them,

21   must be ordered to suspend the pending Trustee's Sale of the subject property.  Defendants,

22   and each of them, must be prevented from conducting a Trustee's Sale of the subject property

23   throughout the duration of this matter as a result of the ongoing material violations alleged

24   herein.

25       106.     If a preliminary injunction is not entered by this Court, Plaintiff will suffer

26   immediate and irreparable harm in the loss of the family residence, for which there is no

27

28

*Katchko, Vitiello & Karikomi, PC*
*11500 W. Olympic Blvd., Suite 400*
*Los Angeles, CA 90064*

COMPLAINT - 26

1 | adequate remedy at law. Specifically, Plaintiff will lose both title to and possession of the

2 | subject property.

3 |      107.    Plaintiff has no adequate remedy at law given that real property is involved,

4 | which as a matter of law is unique. Furthermore, there is a substantial likelihood that Plaintiff

5 | will prevail on the merits at trial

6 |      108.    The request for injunctive relief is narrow in scope and will preserve the

7 | parties' rights until this matter can be tried.

8 | //

9 | //

10 | //

11 | //

12 | //

13 | //

14 | //

15 | //

16 | //

17 | //

18 | //

19 | //

20 | //

21 | //

22 | //

23 | //

24 | //

25 | //

26

27

28

**Katchko, Vitiello & Karikomi, PC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

WHEREFORE, Plaintiff prays for the following relief:

1. For Injunctive Relief in the form of Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions to prohibit Defendants, or any person or entity acting at their direction, under their control or on their behalf as their representative, agent, attorney, attorney-in-fact, employee, contractor, or in any capacity, from causing, permitting, or failing to prevent any of the following acts:

   a. conducting a Trustee's Sale of the subject property;

   b. recording a Notice of Trustee's Sale against the subject property;

   c. accepting any bids for the purchase and sale of the subject property;

   d. issuing a trustee's deed upon sale of the subject property;

   e. recording, or causing to be recorded, a trustee's deed upon sale of the subject property;

   f. transferring, assigning, conveying, or in any manner vesting any aspect of an interest in the subject property to any third person or entity;

   g. substituting any other person or entity as a trustee under the Deed of Trust at issue herein;

   h. appointing any person or entity to perform any act or procedure in connection with a Trustee's Sale of the subject property;

   i. claiming any right, title or interest in the subject property;

   j. exercising any right, title or interest in the subject property adverse to Plaintiffs;

2. For a decree declaring that the Notice of Default attached to this Complaint as Exhibit "A" is void;

3. For a decree canceling and voiding that certain Notice Default attached to this Complaint as Exhibit "A";

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

4.    For a decree declaring that the Notice of Trustee's Sale attached to this Complaint as Exhibit "C" is void;

5.    For a decree canceling and voiding that certain Notice of Trustee's Sale attached to this Complaint as Exhibit "C";

6.    For such further decrees as the Court deems appropriate to declare the rights and obligations which the parties have toward each other in connection with the subject property

7.    For restitution in an amount to be proven at trial;

8.    For a decree declaring the conduct of Defendant NATIONSTAR and BNYM as alleged herein to be an unlawful violation of the UCL;

9.    For an accounting of the underlying loan account;

10.    For compensatory damages in an amount to be proven at trial;

11.    For statutory damages in the amount of the greater of treble actual damages incurred or $50,000 pursuant to Civil Code §2924.12(b);

12.    For attorneys' fees and costs of suit incurred herein;

13.    For other such relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  July 29, 2015                    **KATCHKO, VITIELLO & KARIKOMI, PC**

By: _____
GIANDOMINIC VITIELLO,
Attorneys for Plaintiff Hans Nearhoof.

# EXHIBIT B

**CIV-110**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>GianDominic Vitiello (SBN 262244) KATCHKO, VITIELLO & KARIKOMI, PC<br>11500 W. Olympic Blvd., #512, Los Angeles CA 90064<br>TELEPHONE NO.: 3109439587    FAX NO. *(Optional)*:    4242040401<br>E-MAIL ADDRESS *(Optional)*: gdvitiello@kvklawyers.com<br>ATTORNEY FOR *(Name)*: Hans Nearhoof | FOR COURT USE ONLY |

| |
|---|
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**11/10/2016** at 04:03:00 PM<br>Clerk of the Superior Court<br>By Diana A Norman,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER:  Hans Nearhoof

DEFENDANT/RESPONDENT:  Nationstar Mortgage, LLC., et al.

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | CASE NUMBER: 30-2015-00801628-CU-OR-CJC |

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. **TO THE CLERK: Please dismiss this action as follows:**
   a. (1) ☐ With prejudice    (2) ☑ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name)*:                          on *(date)*:
   (4) ☐ Cross-complaint filed by *(name)*:                          on *(date)*:
   (5) ☑ Entire action of all parties and all causes of action
   (6) ☐ Other *(specify)*:*

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☑ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*
   Date: 11/10/2016

   GianDominic Vitiello, Esq. . . . . . . . . . . . . . . . . . . . . ▶
   (TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                                    (SIGNATURE)
   *If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

   Attorney or party without attorney for:
   ☑ Plaintiff/Petitioner    ☐ Defendant/Respondent
   ☐ Cross-Complainant

3. **TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

   ▶
   (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                                    (SIGNATURE)
   ** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

   Attorney or party without attorney for:
   ☑ Plaintiff/Petitioner    ☐ Defendant/Respondent
   ☐ Cross-Complainant

*(To be completed by clerk)*
4. ☒ Dismissal entered as requested on *(date)*: 11/10/16
5. ☐ Dismissal entered on *(date)*:                          as to only *(name)*:
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☐ Attorney or party without attorney notified on *(date)*:
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed    ☐ means to return conformed copy

   ALAN CARLSON, Clerk of the Court
   Date: 11/10/2016                          Clerk, by _Diana Norman_ , Deputy
                                                        Diana A Norman

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Page 1 of 2<br>Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>*www.courts.ca.gov* |

CIV-110

| PLAINTIFF/PETITIONER: Hans Nearhoof | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC., et al. | 30-2015-00801628-CU-OR-CJC |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ► _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

---

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

**Nearhoof v. Nationstar Mortgage, LLC. et al..– Case No.  30-2015-00801628-CU-OR-CJC**

I am an employee in Los Angeles County, State of California.  I am over the age of 18 and not a party to the within action. My business address is 11500 W. Olympic Blvd., Suite 512, Los Angeles, California 90064.

On November 10, 2016, I served the foregoing documents described as **REQUEST FOR DISMISSAL** on the interested parties in said action:

SEE ATTACHED SERVICE LIST

☑   **BY MAIL** as follows:

    ☑   **REGULAR MAIL** – I am "readily familiar" with Katchko, Vitiello & Karikomi, PC's practice of collection and processing correspondence for mailing. Pursuant to that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

    ❏   **BY CERTIFIED MAIL** – I am "readily familiar" with Katchko, Vitiello & Karikomi, PC's    practice of collection and processing correspondence for mailing. Such envelope will be deposited with U.S. Postal Service, for collection and mailing, by Certified U.S. Mail, Return Receipt Requested on the above date according to ordinary business  practice.

    ☐   **BY OVERNIGHT MAIL** – I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided.

❏   **BY PERSONAL SERVICE** as follows:  I delivered such envelope by hand to the office of the addressee.

❏   **VIA FACSIMILE** as follows:  I faxed a copy of the original document to the facsimile telephone number of the addressee listed on the attached service list. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☑   **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above  is true and correct.

❏   **FEDERAL**:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**DATED**: November 10, 2016

                                    Ilse Cervantes

1

## SERVICE LIST

2

| | |
|---|---|
| Kevin Kim<br>Howard Hall<br>GREEN & HALL<br>1851 E First St., 10th Floor<br>Santa Ana, CA 92705 | Counsel for Defendants:<br>The Bank of New York Mellon; and<br>Nationstar Mortgage, LLC. |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

# EXHIBIT C

1  GIANDOMINIC VITIELLO (SBN #262244)
2  gdvitiello@kvklawyers.com
   **KATCHKO, VITIELLO & KARIKOMI, PC**
3  11500 W. Olympic Blvd., Suite 512
   Los Angeles, CA 90064
4  Tel.: (310) 943-9587
   Fax: (424) 204-0401
5
6  Attorney for Plaintiff
   HANS NEARHOOF
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/20/2017** at 01:32:51 PM

Clerk of the Superior Court
By Jonathan Aguilar, Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF ORANGE

                                              Judge Derek W. Hunt

10                                   Case No: 30-2017-00927329-CU-OR-CJC

11
   HANS NEARHOOF, an individual,
12
                  Plaintiff,                  **UNLIMITED COMPLAINT FOR:**
13
                                              **1. VIOLATION OF CIV. CODE §2923.6**
        v.
14                                            **2. VIOLATION OF CIV. CODE §2924.17**
   NATIONSTAR MORTGAGE, LLC, a
15 Delaware limited liability company; THE    **3. DECLARATORY RELIEF**
   BANK OF NEW YORK MELLON AS
16 TRUSTEE FOR CHL MORTGAGE PASS-             **4. NEGLIGENCE**
   THROUGH CERTIFICATES, SERIES 2003-
17 56, a New York corporation; BARRETT        **5. VIOLATIONS OF BUS. & PROF.
   DAFFIN FRAPPIER TREDER & WEISS,               CODE §§ 17200, *ET SEQ.***
18 LLP, a California limited liability partnership;
   NDEX WEST, LLC, a Delaware limited        **6. INJUNCTIVE RELIEF**
19 liability company; and DOES 1 through 100,
   inclusive,                                *[Amount in controversy exceeds $25,000]*
20
21
22                Defendants.
23
24
25      Plaintiff HANS NEARHOOF (hereinafter "Plaintiff") based on personal knowledge as to
26 his own conduct and actions, and based upon information and belief as to all others, hereby
27 alleges the following:
28

**PARTIES**

1.     Plaintiff is, and at all times relevant hereto was, an individual residing in the County of Orange, State of California.

2.     Defendant NATIONSTAR MORTGAGE, LLC (hereinafter "Defendant NATIONSTAR") is, and at all times relevant hereto was, a Delaware limited liability company actively conducting business within the state of California, County of Orange.  Defendant NATIONSTAR has assumed the **mortgage servicing** obligations associated with the property subject of this action and is now pursuing the foreclosure of the same in violation of California pre-foreclosure statutes as amended by SB900, known as the California Homeowner Bill of Rights.

3.     Defendant BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP (hereinafter "Defendant BDFTW") is, and at all times relevant hereto was, a California limited liability partnership actively conducting business within the state of California, county of Orange. Defendant BARRETT was appointed and is now the **trustee** to the deed of trust securing the mortgage subject of this action, as more fully described herein.

4.     Defendant THE BANK OF NEW YORK MELLON AS TRUSTEE FOR CHL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-56, (hereinafter individually "Defendant BNYM") is a New York corporation actively conducting business within the state of California, County of Orange.  At all times relevant hereto, Defendant BNYM has been and is the **beneficiary** to the mortgage which underlies this action.   At all times relevant hereto, Defendant BNYM has controlled or has otherwise exercised dominion over the performance, actions and conduct of Defendants NATIONSTAR and BDFTW such that these entities have acted in common, in concert, and in conspiracy with one another at times alleged herein.

5.     Defendant NDEX WEST, LLC, (hereinafter individually "Defendant NDEX") is at all times relevant hereto was, a Delaware limited liability company actively conducting business within the state of California, county of Orange.

6.     Defendants BDFTW and NDEX are commonly owned corporate entities and

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

1  each of them use the name of the other interchangeably. At all times material hereto, Plaintiff

2  alleges that Defendants BDFTW and NDEX have acted in concert and in conspiracy with one

3  another.

4       7.     The true names and capacities of defendants sued herein as DOE Defendants are

5  presently unknown to Plaintiff who therefore sue under these fictitious names.    Upon

6  ascertainment of the true names and capacities of these DOE Defendants, Plaintiff will seek

7  leave to amend this Complaint to allege the same.    Plaintiff is informed and based thereon

8  allege that DOE Defendants, and each of them, were and/or are, in some manner or way,

9  responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set

10  forth below.

11       8.     Plaintiff is informed and believe and based thereon alleges that at all times

12  relevant hereto each of the Defendants was the agent, servant, employee, subsidiary, affiliate,

13  partner, assignee, successor-in-interest, alter ego or other representative of each of the

14  remaining Defendants and was acting in such capacity in doing the things herein complained of

15  and alleged.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

## GENERAL ALLEGATIONS

9.    Plaintiff is entitled to continued possession and ownership of a parcel of real property commonly known as 2495 Tequestra, city of Tustin, county of Orange, state of California 92782 (hereinafter the "subject property") which is the subject of this action and which is more fully described as:

PARCEL 1:

UNIT NO. 18, IN THE CITY OF TUSTIN, COUNTY OF ORANGE, STATE OF CALIFORNIA, CONSISTING OF CERTAIN AIRSPACE AND SURFACE ELEMENTS, AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN (PLAN) FOR PHASE 1 OF CORTE VILLA, WHICH PLAN WAS RECORDED OCTOBER 25, 1990 AS INSTRUMENT NO. 90-568251 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 2:

AN UNDIVIDED ONE/TWENTY-EIGHTH (1/28TH) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO ALL OF THE REAL PROPERTY, INCLUDING WITHOUT LIMITATION THE COMMON AREA DEFINED IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR CORTE VILLA (DECLARATION, RECORDED OCTOBER 25, 1990 AS INSTRUMENT NO. 90-568250 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, IN LOT 1 OF TRACT NO. 13796, AS SHOWN ON A MAP RECORDED IN BOOK 650, PAGES 43 TO 47 INCLUSIVE OF MISCELLANEOUS MAPS, RECORDS OF SAID ORANGE COUNTY.
EXCEPTING THEREFROM, ALL OF THE UNITS AS SHOWN ON THE PLAN.
ALSO EXCEPTING ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

COMPLAINT

STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THOSE HEREINABOVE DESCRIBED, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND HEREINABOVE DESCRIBED, AS RESERVED BY THE IRVINE COMPANY IN DEED RECORDED JULY 21, 1988 AS INSTRUMENT NO. 88-353759 OF OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM ANY AND ALL WATER, WATER RIGHTS OR INTERESTS THEREIN APPURTENANT OR RELATING TO THE LAND OR OWNED OR USED BY GRANTOR IN CONNECTION WITH OR WITH RESPECT TO THE LAND (NO MATTER HOW ACQUIRED BY GRANTOR) WHETHER SUCH WATER RIGHTS SHALL BE RIPARIAN, OVERLYING, APPROPRIATIVE, LITTORAL, PERCOLATING, PRESCRIPTIVE, ADJUDICATED, STATUTORY OR CONTRACTUAL, TOGETHER WITH THE RIGHT AND POWER TO EXPLORE, DRILL, REDRILL, REMOVE AND STORE THE SAME FROM OR IN THE LAND OR TO DIVERT OR OTHERWISE UTILIZE SUCH WATER, RIGHTS OR []ITS ON ANY OTHER PROPERTY OWNED OR LEASED BY GRANTOR; BUT WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF THE LAND IN THE EXERCISE OF SUCH RIGHTS, AS RESERVED BY THE IRVINE COMPANY, A MICHIGAN CORPORATION IN THE DEED RECORDED JULY 21, 1988 AS INSTRUMENT NO. 88-353759 OF OFFICIAL RECORDS.

PARCEL 3:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS,

EGRESS, USE, ENJOYMENT, DRAINAGE, ENCORACHMENT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS MAY BE SHOWN IN THE PLAN, AND AS ARE DESCRIBED IN THE MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, AND RESERVATION OF EASEMENTS FOR TUSTIN RANCH COMMUNITY ASSOCIATION II (MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS, AND RESERVATION OF EASEMENTS FOR TUSTIN RANCH COMMUNITY ASSOCIATION II (MASTER DECLARATION), RECORDED AUGUST 1, 1990 AS INSTRUMENT NO. 90-408228 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 4:

EXCLUSIVE EASEMENTS APPURTENANT TO PARCELS 1 AND 2 DESCRIBED ABOVE FOR REAR YARD PURPOSES OVER THE AREA SHOWN AND ASSIGNED ON EXHIBIT "D" TO THE DECLARATION AND DESCRIBED AS AN EXCLUSIVE USE COMMON AREA IN THE DECLARATION.

PARCEL 5:

EXCLUSIVE EASEMENTS APPURTENANT TO PARCELS 1 AND 2 DESCRIBED ABOVE FOR DECK PURPOSES, AS SHOWN AND ASSIGNED IN THE PLAN AND DESCRIBED AS AN EXCLUSIVE USE COMMON AREA IN THE NOTICE.

10. The subject property is, and at all times material has been, Plaintiff's owner occupied residence.

11. This matter concerns a massive scheme of fraudulent, deceptive, unlawful, deceitful, and negligent business practices being carried out by the Defendants related to the foreclosure of California home properties. Specifically, banks, such as those named herein, purchase and acquire servicing rights to defaulted mortgage loans for pennies-on-the-dollar on a secondary market with the intent to monetarily benefit through wrongful foreclosure on financially distressed borrowers. In the present case, Defendants intend to improperly bypass statutory safeguards to foreclosure and force a foreclosure sale of the subject real property,

1    despite the borrower's diligent and good faith effort to seek loan modification through protocols

2    implemented by the Defendants and which the Defendants have a duty to see through in good

3    faith. Moreover, Defendants have willfully and negligently serviced the subject loan thereby

4    violating of California's strict pre-foreclosure statutes.

5        12.    On or around September 19, 2003, Plaintiff executed a first position mortgage

6    secured by a deed of trust encumbering the subject property ("DOT"). The DOT was recorded

7    on September 25, 2003 as Instrument No. 2003001177810. Plaintiff resides at the subject

8    property.

9        13.    The underlying loan is a dangerous and volatile loan product. Indeed, the

10   proliferation of these toxic loan products is the direct cause of the current nationwide real estate

11   crisis.

12       14.    On or about June 26, 2012, the beneficial interest in the DOT was assigned to

13   Defendant BNYM. Defendant BNYM remains the mortgage beneficiary.

14       15.    At a time unknown to the Plaintiff, Defendant NATIONSTAR acquired the

15   servicing rights under the subject loan and became the mortgage servicer tasked with the day-to-

16   day mortgage servicing obligations.

17       16.    In response to the plummeting economic strength of the state of California and

18   personal financial and familial hardship including the death of his father, Plaintiff was stricken

19   with a severe downturn in available household finances. Eventually, Plaintiff defaulted on the

20   loan after several years of making diligent monthly payments.

21       17.    At a date unknown to Plaintiff, Defendant BDFTW was substituted as

22   foreclosure trustee by and through a Substitution of Trustee recorded as instrument number

23   2003001177810.

24       18.    On or about January 13, 2015, Defendants NATIONSTAR and BNYM caused a

25   Notice of Default ("NOD") to be recorded against the subject property. (A true and correct

26   copy of the NOD is attached hereto as Exhibit "A").

27       19.    Pursuant to <u>Civil Code</u> §2924, the recording of a Notice of Default marks

28

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

COMPLAINT

1  commencement of California's non-judicial foreclosure process and constitutes an exercise of

2  the power of sale bestowed within the Deed of Trust.

3       20.     Privy to loan modification programs publicized by the federal government, state

4  of California and Defendant NATIONSTAR, such as the Home Affordable Modification

5  Program ("HAMP") and Keep Your Home California ("KYHC"), which encourage lending

6  institutions to modify unaffordable loans for borrowers suffering substantial financial hardship,

7  Plaintiff attempted to contact Defendant NATIONSTAR to seek a loan modification.

8       21.     Plaintiff made reasonable attempts to create a complete application for a loan

9  modification review and did in fact succeed in preparing and submitting a complete loan

10  modification application to Defendant NATIONSTAR.

11       22.     Plaintiff invoked the services of a real estate professional for assistance in

12  compiling a thorough and complete loan modification application and in order to make doubly

13  sure that all loan modification application components were complete at the time of their

14  submission to Defendant NATIONSTAR.

15       23.     On or about March 31, 2017, Plaintiff, along with the assistance of a real estate

16  professional, applied to Defendant NATIONSTAR with a completed loan modification

17  application consisting of material documents including: policy statement and disclosure; MAP

18  worksheet and financial statement; Uniform Borrower Assistance Form; HAMP Dodd-Frank

19  Affidavit; hardship letter; IRS form 4506T; profit and loss statements for self-employment; 90

20  days' worth of bank statements; statements for asset accounts; statements for retirement

21  accounts; previous two years' federal tax returns or amendments filed; W2 or 1099 statements

22  of income; utility bills; and recent statements for any homeowner association(s).

23       24.     On or about April 20, 2017, Plaintiff authorized the third party real estate

24  professional to discuss account status and loan modification history with Defendant

25  NATIONSTAR.

26       25.     On or about April 24, 2017, Defendant NATIONSTAR acknowledged receipt of

27  the loan modification application and all material documents found therein.

28

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

26.    On multiple accounts, Defendant NATIONSTAR verbally informed Plaintiff's real estate professional that Plaintiff's lender -- Defendant BNYM -- does not participate in modifications even though Plaintiff submitted a complete application with material documents. Plaintiff's real estate professional inquired whether the foregoing constituted a "denial" for loan modification and whether a written "denial" would be issued. Defendant NATIONSTAR has not provided written documentation of any denial, and maintains only that Defendant BNYM does not participate in loan modifications.

27.    The representation of Defendant NATIONSTAR – that Defendant BNYM does not participate in loan modifications – is false. In fact, Plaintiff had previously inquired with Defendant BNYM regarding its loan modification programs and received a written response from Defendant BNYM by stating: "Please be advised that The Bank of New York Mellon, as trustee, does not have the authority to make modifications to mortgages, i.e., reducing and/or converting payments. This is the responsibility of…the loan servicing agent for this property." (A true and correct copy of Defendant BNYM's written statement to Plaintiff is attached hereto as Exhibit "B").

28.    On or around May 19, 2017, Defendant BDFTW, acting on behalf of Defendant NATIONSTAR and BNYM, recorded a Notice of Trustee's Sale ("NTS") against the subject property as instrument number 2017000204670. (A true and correct copy of the NTS is attached hereto as Exhibit "C").

29.    As Plaintiff has not received any written denial of candidacy for loan modification, the recording of the NTS is a material violation of Civil Code Section 2923.6 because foreclosure fees have been incurred in the process, which in turn have been added to the mortgage balance, which have in turn negatively impacted Plaintiff's candidacy for loan modification. Further, the violation is material because Defendant NATIONSTAR has falsely represented to Plaintiff that Defendant BNYM does not participate in loan modification when in fact it delegates that authority to NATIONSTAR.

30.    If Plaintiff was given written documentation of Defendant NATIONSTAR's

11500 W. Olympic Blvd. Suite 512
Los Angeles, CA 90064

1  denial, Plaintiff could have exercised the opportunity to appeal within the 30-day appeal

2  window. However, Defendant BDFTW, acting on behalf of Defendant NATIONSTAR and

3  BNYM, acted without affording Plaintiff the right to appeal when it recorded the NTS during

4  that window.

5      31.    Defendant NATIONSTAR failed to complete a review of Plaintiff's application

6  for loan modification.

7      32.    Defendant NATIONSTAR has not denied Plaintiff's application for loan

8  modification on the merits of said application.

9      33.    As of the time of this filing, the trustee's sale of the subject property is scheduled

10 for June 27, 2017.

11     34.    Plaintiff has spent substantial time in preparing documentation for the review of

12 Defendant NATIONSTAR which would have been spent on other endeavors had these

13 Defendants completed their review of Plaintiff's loan modification application as required by

14 statute.

15     35.    Plaintiff has spent substantial money in preparing documentation for the review

16 of Defendant NATIONSTAR which would have been spent on other endeavors had these

17 Defendants completed their review of Plaintiff's loan modification application as required by

18 statute.

19     36.    Plaintiff has spent substantial effort in preparing documentation for the

20 review of Defendant NATIONSTAR which would have been spent on other endeavors had

21 these Defendants completed their review of Plaintiff's loan modification application as

22 required by statute.

23     37.    Allowing the foreclosure sale to proceed against the subject property would

24 amount to an injustice as this foreclosure sale date has been established regardless of the

25 fact that the Defendants are, and have been, under a duty as required by Civil Code §§2924

26 and 2923.6 to meaningfully review Plaintiff's loan modification candidacy as an alternative

27 to foreclosure on the property.  The Defendants are under a further duty to issue a written

28

11500 W. Olympic Blvd. Suite 512
Los Angeles, CA 90064

1  determination on Plaintiff's loan modification application prior to completion of a trustee's

2  sale against the subject property, pursuant to Civil Code §2923.6. Defendant

3  NATIONSTAR has failed to abort foreclosure proceedings presently underway against the

4  subject property. Instead, Defendants continue to pursue the foreclosure of the subject

5  property and intend to complete a Trustee's Sale without providing Plaintiff with the

6  opportunity to modify the underlying loan, or the written response to which he is entitled

7  under the code.

8       38.    At all times material to this matter and all filings, Plaintiff had remained ready,

9  willing, and able to tender payment to the foreclosing Defendants as required by all agreements

10  entered into between the parties.

11       39.    At the time of the filing of this Complaint, the subject property has not yet been

12  sold at auction, although a sale is presently scheduled for June 27, 2017.

13       40.    There is no adequate remedy at law which would compensate Plaintiff for the

14  loss of the subject property, which as a matter of law is unique.

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

# FIRST CAUSE OF ACTION

## VIOLATIONS OF CAL. CIV. CODE § 2923.6

### (Against All Defendants)

41.    Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

42.    Effective January 1, 2013, SB900, or the California Homeowner Bill of Rights, amended Cal. Civ. Code §2923.6 and specifically noted that "[i]t is the intent of the Legislature that the mortgage servicer offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority." Cal. Civ. Code §2923.6(b)

43.    Pursuant to Cal. Civ. Code §2923.6(c), if a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

44.    The formerly commonplace practice of pursuing foreclosure while a borrower's first lien loan modification is pending is known as "dual-tracking". By and through SB900 and the amended Cal. Civ. Code §2923.6(c), the California Legislature has outlawed this practice.

45.    Pursuant to Cal. Civ. Code §2924.12(a)(2), injunctive relief obtained by the Plaintiff must stay in place until the Court has determined that the violations of Cal. Civ. Code §2923.6 have been remedied. The alleged violations of Cal. Civ. Code §2923.6(c) have not been, and will not be, remedied until a final decision has been rendered on Plaintiff's "pending" loan modification applications.

46.    Pursuant to Civil Code section 2923.6(g), a mortgage servicer is obligated to evaluate loan modification applications submitted by borrowers who document and report to the servicer a material change in the borrower's financial circumstances since the date of the

1   borrower's previous application.

2      47.   On or about March 31, 2017, Plaintiff submitted to Defendant NATIONSTAR a

3 full and complete loan modification application including all necessary supplementary

4 financial documents, proofs of income, personal and business bank statements, account

5 information, utility bills, profit and loss statements, and declarations describing personal

6 financial hardship. Plaintiff's new application highlighted a material change in household

7 finances and provided evidence of this fact.

8      48.   Defendants have failed to respond to Plaintiff's application and documented

9 changed financial circumstances, and have failed to respond meaningfully with regard to

10 Plaintiff's ultimate candidacy for loan modification programs in light of material changes to

11 Plaintiff's financial circumstances in violation of Cal. Civ. Code section 2923.6(g).

12      49.   Defendants have failed to abort foreclosure proceedings presently underway

13 against the subject property. Instead, the Defendants continue to pursue foreclosure of the

14 subject property and intend to complete a trustee's sale on for June 27, 2017.

15      50.   Plaintiff has been directly and proximately damaged by Defendants' failure to

16 comply with Cal. Civ. Code § 2923.6 in that Plaintiff has not been afforded adequate

17 opportunity to investigate alternatives before the foreclosure of the subject property. The

18 subject property is at imminent risk of foreclosure. Defendants have caused the serviceable

19 debt to increase through pursuit of foreclosure, prejudicing Plaintiff's ability to maintain his

20 residence. Plaintiff's loss mitigation efforts, time and money have been wasted as a result of

21 Defendants' failure to adequately respond to Plaintiff's loss mitigation inquiry. Plaintiff

22 forwent other foreclosure alternatives in hope that the Defendants would comply with

23 statutory loss mitigation review obligations.

24   //

25   //

26   //

27

28

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

**SECOND CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Against All Defendants)**

51.    Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

52.    The wrongdoing which underlies this action was perpetrated by Defendant NATIONSTAR and BNYM, although Defendants BDFTW and NDEX as foreclosure trustee are the parties who ultimately hold the power of sale to be exercised upon the subject property.

53.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties with regard to the subject property, and this controversy can only be resolved by the intervention of this Court.

54.    Mainly, a determination must be made as to whether, in light of the circumstances, Defendants have the right to foreclose upon the subject property. These circumstances include non-compliance with pre-foreclosure mandates as codified in the Civil Code.

55.    Specifically, Plaintiff requests an order of this Court as follows:  (1) setting forth the respective rights and obligations of Plaintiff and Defendants relative to performance under Civil Code §§ 2923.6; (2) setting forth the respective rights and obligations of Plaintiff and Defendants relative to the recording of the NTS; (3) setting forth the respective rights and obligations of Defendants insofar as they should be prevented from conducting a trustee's sale of the subject property; (4) setting forth that Defendant NATIONSTAR is authorized to grant a loan modification on the underlying loan based on authority delegated by Defendant BNYM; (5) and setting forth the respective rights and obligations of Defendants delivering any future Trustee's Deed Upon Sale of the subject property.

56.    Such declarations are necessary and appropriate at this time in order that Plaintiff may ascertain his rights in the subject property. A determination of the respective rights and liabilities of Plaintiff and Defendants is necessary to avoid circuitry and multiplicity of actions.

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

### THIRD CAUSE OF ACTION

### VIOLATION OF CIV. CODE §2924.17

### (Against Defendants NATIONSTAR, BNYM, and BDFTW)

57.     Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

58.     Civil Code §2924.17 provides that any declaration, notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded in a foreclosure on behalf of a mortgage servicer must be accurate and complete and supported by reliable evidence. In addition, before filing or recording any of these documents, the mortgage servicer shall have reviewed competent and reliable evidence that substantiates the facts related to default and foreclosure.

59.     On May 19, 2017, Defendant CRC, acting on the behalf of Defendant NATIONSTAR and BNYM, recorded a NTS against the subject property.

60.     Specifically, the NTS was recorded despite the fact that Plaintiff's Complete Application had not been fully reviewed, and a written denial was not timely issued. In addition, Defendant NATIONSTAR and BNYM failed to review evidence relating to the loan modification review process Plaintiff had invoked, and instead have completed all foreclosure proceedings on the subject property.

61.     The violation is material because Defendants conducted the sale of the subject property and recorded the NTS while Plaintiff has at all times material been qualified for loan modification under both HAMP and the mortgage beneficiary's proprietary loan modification programs. But for the Defendants' actions in this regard, Plaintiff would have received a loan modification prior to the loan being referred to foreclosure. Defendants' failure in providing Plaintiffs a written denial impeded on Plaintiff's response during its appeal window. Plaintiff's qualification for loan modification has now been prejudiced because of Plaintiff's loss of title to the subject property because of the wrongful foreclosure sale.

//

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

## FOURTH CAUSE OF ACTION

## NEGLIGENCE

### (Against Defendants NATIONSTAR and BNYM)

62.    Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

63.    By holding themselves out to offer loan modification alternatives to foreclosure, and providing a means for the Plaintiff to submit applications and documentation for loan modification alternatives to foreclosure, and by and through the passage of Civil Code §2923.6 these Defendants have been under a duty to handle the submission, application, and processing of loan modification documents competently and in a non-negligent manner.

64.    Accordingly, the duty to competently and professionally process Plaintiff's loan modification application is imposed upon Defendants BNYM, NATIONSTAR.  In undertaking such a duty, Defendants BNYM, NATIONSTAR are bound to act with reasonable care while handling and reviewing Plaintiff's loan modification application, appeal, and supporting documents, including but not limited to routing Plaintiff's documents to the proper departments, responding to Plaintiff's requests, advising Plaintiff of any missing documents, maintaining possession of submissions and payments, assuring that figures are accurately transposed from Plaintiff's materials, and properly reviewing Plaintiff's application and financial documentation for loan modification candidacy.

65.    Plaintiff alleges that Defendant BNYM and NATIONSTAR's conduct as described in this Complaint was intentional and part of an institutional practice of fraud, deception, and deceit.  As more fully discussed herein, and in the alternative to other causes of action, which are based upon intentional misconduct, Plaintiff contends that Defendants BNYM, NATIONSTAR failed to perform in a manner required by the abovementioned duties and has therefore acted negligently. These acts of negligence include, but are not limited to:

Defendants BNYM, NATIONSTAR negligently failed to abide by industry-standard loan modification duties;

    a. Defendants BNYM, NATIONSTAR have negligently failed to uphold the representations of their loss mitigation department;

    b. Defendants BNYM, NATIONSTAR have negligently failed to process sensitive financial documentation submitted by Plaintiff;

    c. Defendants BNYM, NATIONSTAR have negligently failed to take any steps to rectify the failures to adequately service Plaintiff's loan;

    d. Defendants BNYM, NATIONSTAR have negligently failed to process Plaintiff's loan modification application documents with the requisite care;

    e. Defendants BNYM, NATIONSTAR have negligently failed to evaluate time-sensitive document submissions made by Plaintiff;

    f. Defendants BNYM, NATIONSTAR have negligently failed to meaningfully provide Plaintiff with a response as to his loan modification applications;

    g. Defendants BNYM, NATIONSTAR have negligently failed to respond to Plaintiff's complete loan modification application;

    h. Defendants BNYM, NATIONSTAR negligently recorded the NTS;

    i. Defendant NATIONSTAR negligently misrepresented to Plaintiff that it Defendant BNYM does not allow it to participate in loan modification programs;

    j. Defendant NATIONSTAR negligently misrepresented to Plaintiff that loan modification is not possible for his account;

    k. Defendant NATIONSTAR negligently failed to issue written correspondence to Plaintiff concerning the basis of denial for loan modification;

    l. Defendant NATIONSTAR negligently failed to offer a 30 day window for Plaintiff to appeal an adverse loan modification decision;

    m. Various other acts of negligence according to proof.

66.    At all times material, Defendants BNYM, NATIONSTAR were under a duty to

11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

use such prudence and diligence as other similar institutions commonly possess and exercise in the business of servicing loans. At all times material, Defendants BNYM, NATIONSTAR were under a duty to use such prudence and diligence as other similar institutions commonly possess and exercise in the business of servicing loans and handling home owner's loan modification applications as well as those duties imposed by Cal. Civ. Code §2923.6.

67.    At all times material, Defendants BNYM, NATIONSTAR failed to exercise such prudence and diligence in the servicing of Plaintiff's loan.

68.    As a direct and proximate result of said negligence, Plaintiff has been substantially damaged in an amount to be proven at trial.  Specifically, Plaintiff has been directly and proximately damaged in the form of at least $100,000 in penalties and fees added to the mortgage loan balance.  Plaintiff has suffered the physical manifestation of emotional anguish through anxiety, nightmares, sleeplessness, depression, nervousness and others. Plaintiff has lost the opportunity to qualify for loan modification programs as a result of Defendants unwarranted increases to the mortgage balance.  Plaintiff has suffered the destruction of his credit and furthermore, the subject property remains at imminent risk of foreclosure sale.

//
//
//
//
//
//
//
//
//
//
//

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*

### (Against Defendants NATIONSTAR and BNYM)

69.     Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporates the same as if set forth herein at length.

70.     California Business & Professions Code § 17200 ("UCL") bestows upon individuals a private right of action against unlawful business activities. An "unlawful" business activity under the UCL includes anything that can properly be called a business practice and that violates state law. A business practice is "fraudulent" under the UCL if it is likely to deceive the consuming public.

71.     As alleged hereinabove, Defendants BNYM and NATIONSTAR have engaged in a pattern and practice of extensive unlawful and fraudulent conduct related to the servicing of the underlying mortgage and the associated loan modification process. Specifically, Defendants have willfully and negligently handled Plaintiff's loan modification application and appeal thereof and violated California foreclosure statutes.

72.     Defendant NATIONSTAR has deceived the Plaintiff in that it has falsely represented to him that Defendant BNYM does not authorize loan modifications. This representation is established as deceitful because Defendant BNYM separately wrote to Plaintiff to confirm that it delegates this authority to the loan servicer.

73.     Defendant NATIONSTAR has acted unlawfully by violating Civil Code §2923.6 in the process of foreclosing upon the Plaintiff's home.

74.     Indeed, the public at large is likely to be deceived by the Defendants' pattern of conduct. Specifically, the public now faces a growing foreclosure crisis and Defendants use the desperation of homeowners to dupe them into pursuing an illusory modification process. Defendants intend to carry out foreclosures without satisfying the controlling law. The conduct of Defendant NATIONSTAR deceives the public in that borrowers are subjected to foreclosures, which have no basis in law.

75.    The conduct of Defendants BNYM and NATIONSTAR is continuous and ongoing in nature.

76.    Plaintiff has suffered pecuniary loss as a direct and proximate cause of the conduct of these Defendants as alleged in the preceding paragraphs and causes of action in the amount of at least $100,000.00 in unjustifiable foreclosure fees and seek an immediate injunction against the deceitful practices of Defendants BNYM and NATIONSTAR in order to protect the public at large.

77.    Through unlawful conduct which violates state statute, Defendants BNYM and NATIONSTAR have obtained money from Plaintiff by and through inflating the principal balance of the underlying loan with unjustifiable penalties and foreclosure fees. Plaintiff hereby requests the restoration and restitution of all money procured through the unlawful conduct as described in this Complaint. Plaintiff risks being irreparably harmed and/or denied an effective and complete remedy if such an order is not issued by this Court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

# FIFTH CAUSE OF ACTION

## INJUNCTIVE RELIEF

### (Against All Defendants)

78.    Plaintiff repeats and re-alleges each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

79.    Pursuant to Civil Code §2924.12(a)(1), if a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of California's pre-foreclosure mandates codified at sections 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

80.    Plaintiff has alleged violations of sections 2923.6 and 2924.17.

81.    Pursuant to Civil Code §2924.12(a)(2), any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

82.    Plaintiff is entitled to a preliminary injunction under Code of Civil Procedure §§2924.12 enjoining Defendants' ongoing material violations as more fully alleged herein. Defendants, and each of them, must be ordered to suspend the pending Trustee's Sale of the subject property. Defendants, and each of them, must be prevented from conducting a Trustee's Sale of the subject property throughout the duration of this matter as a result of the ongoing material violations alleged herein.

83.    If a preliminary injunction is not entered by this Court, Plaintiff will suffer immediate and irreparable harm in the loss of the family residence, for which there is no adequate remedy at law.  Specifically, Plaintiff will lose both title to and possession of the subject property.

84.    Plaintiff has no adequate remedy at law given that real property is involved, which as a matter of law is unique.  Furthermore, there is a substantial likelihood that Plaintiff

1    will prevail on the merits at trial.

2        85.    The request for injunctive relief is narrow in scope and will preserve the parties'

3    rights until this matter can be tried.

4    //

5    //

6    //

7    //

8    //

9    //

10    //

11    //

12    //

13    //

14    //

15    //

16    //

17    //

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28

1  WHEREFORE, Plaintiff prays for the following relief:

2  1.    For Injunctive Relief in the form of Temporary Restraining Orders,

3        Preliminary Injunctions, and Permanent Injunctions to prohibit Defendants,

4        or any person or entity acting at their direction, under their control or on their

5        behalf as their representative, agent, attorney, attorney-in-fact, employee,

6        contractor, or in any capacity, from causing, permitting, or failing to prevent

7        any of the following acts:

8            a.   conducting a Trustee's Sale of the subject property;

9            b.   recording a Notice of Trustee's Sale against the subject property;

10           c.   accepting any bids for the purchase and sale of the subject property;

11           d.   issuing a trustee's deed upon sale of the subject property;

12           e.   recording, or causing to be recorded, a trustee's deed upon sale of the

13                subject property;

14           f.   transferring, assigning, conveying, or in any manner vesting any

15                aspect of an interest in the subject property to any third person or

16                entity;

17           g.   substituting any other person or entity as a trustee under the Deed of

18                Trust at issue herein;

19           h.   appointing any person or entity to perform any act or procedure in

20                connection with a Trustee's Sale of the subject property;

21           i.   claiming any right, title or interest in the subject property;

22           j.   exercising any right, title or interest in the subject property adverse to

23                Plaintiffs;

24  2.    For a decree declaring that the Notice of Trustee's Sale attached to this

25        Complaint as Exhibit "C" is void;

26  3.    For a decree canceling and voiding that certain Notice of Trustee's Sale

27        attached to this Complaint as Exhibit "C";

28

*(left margin)* 11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064

4.   For such further decrees as the Court deems appropriate to declare the rights and obligations which the parties have toward each other in connection with the subject property

5.   For restitution in an amount to be proven at trial;

6.   For a decree declaring the conduct of Defendant NATIONSTAR and BNYM as alleged herein to be an unlawful violation of the UCL;

7.   For an accounting of the underlying loan account;

8.   For compensatory damages in an amount to be proven at trial;

9.   For statutory damages in the amount of the greater of treble actual damages incurred or $50,000 pursuant to Civil Code §2924.12(b);

10.  For attorneys' fees and costs of suit incurred herein;

11.  For other such relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: June 9, 2017            **KATCHKO, VITIELLO & KARIKOMI, PC**

By: _____
GIANDOMINIC VITIELLO,
Attorneys for Plaintiff Hans Nearhoof.

# EXHIBIT D

1  GREEN & HALL, LLP
   HOWARD D. HALL, State Bar No. 145024
2    *hdhall@greenhall.com*
   JERED T. EDE, State Bar No. 273440
3    *jede@greenhall.com*
   ELENA A. LEONARD, State Bar No. 303838
4    *eleonard@greenhall.com*
   1851 East First Street, 10th Floor
5  Santa Ana, California 92705-4052
   Telephone: (714) 918-7000
6  Facsimile: (714) 918-6996

7  Attorneys for Defendants
   NATIONSTAR MORTGAGE LLC and THE
8  BANK OF NEW YORK MELLON FKA THE
   BANK OF NEW YORK AS TRUSTEE FOR
9  THE CERTIFICATEHOLDERS OF CWMBS,
   INC., CHL MORTGAGE PASS-THROUGH
10 TRUST 2003-56, MORTGAGE PASS-
   THROUGH CERTIFICATES, SERIES 2003-56,
11 erroneously sued as THE BANK OF NEW
   YORK MELLON AS TRUSTEE FOR CHL
12 MORTGAGE PASS-THROUGH
   CERTIFICATES, SERIES 2003-56

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/11/2017** at 04:20:00 PM

Clerk of the Superior Court
By e Clerk,Deputy Clerk

13

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

14

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

15

16

17  HANS NEARHOOF, an individual,

             Plaintiff,

18

19  vs.

20  NATIONSTAR MORTGAGE, LLC, a
   Delaware limited liability company, THE
21  BANK OF NEW YORK MELLON AS
   TRUSTEE FOR CHL MORTGAGE PASS-
22  THROUGH CERTIFICATES, SERIES 2003-
   56, a New York corporation; BARRETT
23  DAFFIN FRAPPIER TREDER & WEISS,
   LLP, a California limited liability partnership;
24  NDEX WEST, LLC a Delaware limited
   liability company; and DOES 1 through 100,
25  inclusive,

             Defendants.

26

CASE NO. 30-2017-00927329-CU-OR-CJC

JUDGE:        Hon. Derek W. Hunt
DEPT.:        C23

**NOTICE OF RULING RE: ORDER TO
SHOW CAUSE RE: PRELIMINARY
INJUNCTION**

DATE:    July 11, 2017
TIME:    08:30 a.m.
DEPT.:   C23

ACTION FILED:   June 20, 2017
TRIAL DATE:     December 11, 2017

27  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

28       PLEASE TAKE NOTICE that on July 7, 2017, at 8:30 a.m. in the above-entitled Court, an

1

1   Order to Show Cause Re: Preliminary Injunction prohibiting Defendants Nationstar Mortgage

2   LLC and The Bank of New York Mellon fka The Bank of New York as Trustee for the

3   Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2003-56, Mortgage Pass-

4   Through Certificates, Series 2003-56, erroneously sued as The Bank of New York Mellon as

5   Trustee for CHL Mortgage Pass-Through Certificates, Series 2003-56 (collectively "Defendants")

6   from conducting a trustee's sale on the real property located at 2495 Tequesta, Tustin, California

7   92782 came on regularly for hearing, the Honorable Derek W. Hunt presiding.

8       Jered T. Ede, Esq. and Elena A. Leonard, Esq., of Green & Hall, LLP, personally appeared

9   on behalf of Defendants, GianDominic Vitiello, Esq., of Katchko, Vitiello & Karikomi, PC,

10  appeared on court call on behalf of Plaintiff Hans Nearhoof ("Plaintiff").  No other appearances

11  were made.

12      After full consideration of the evidence and written and oral submissions by the parties, the

13  Court ruled as follows:

14      1.      Plaintiff's Request for Preliminary Injunction is DENIED.

15      2.      Counsel for Defendants was ordered to give notice of the Court's ruling on

16  Plaintiff's Request for Preliminary Injunction.

17      3.      Trial is set to begin on December 11, 2017 at 9:00 a.m.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

2

1    4.    Counsel for Plaintiff was ordered to give notice of the trial date.

2    DATED: July 11, 2017                    GREEN & HALL, LLP

3

4                                            By: _____

5                                            Howard D. Hall, Esq.
                                             Jered T. Ede, Esq.
6                                            Elena A. Leonard, Esq.

7    Attorneys for Defendants
     NATIONSTAR MORTGAGE LLC and THE BANK
8    OF NEW YORK MELLON FKA THE BANK OF
     NEW YORK AS TRUSTEE FOR THE
9    CERTIFICATEHOLDERS OF CWMBS, INC., CHL
     MORTGAGE PASS-THROUGH TRUST 2003-56,
10   MORTGAGE PASS-THROUGH CERTIFICATES,
     SERIES 2003-56, erroneously sued as THE BANK OF
11   NEW YORK MELLON AS TRUSTEE FOR CHL
     MORTGAGE PASS-THROUGH CERTIFICATES,
12   SERIES 2003-56

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF RULING RE: ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
P:\DOCS\Nationstar.Nearhoof (Refile)\Pleadings\Opp.OSC.PI\Opp.OSC.PI.Ntc.Ruling.docx

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, 10th Floor, Santa Ana, CA 92705-4052.

On July 11, 2017, I served the within document(s) described as:

**NOTICE OF RULING RE: ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

on each interested party in this action as stated below:

GianDominic Vitiello, Esq.
Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 512
Los Angeles, CA 90064
(310) 943-9587; Fax: (424) 204-0401
gdvitiello@kvklawyers.com
Attorneys for Plaintiff Hans Nearhoof

**BY MAIL:** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth above. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 11, 2017, at Santa Ana, California.

Michelle Varner

GREEN | HALL

# EXHIBIT E

| | |
|---|---|
| **From:** | Elena Leonard |
| **Sent:** | Tuesday, July 11, 2017 10:42 AM |
| **To:** | 'GianDominic Vitiello' |
| **Cc:** | Jered T. Ede |
| **Subject:** | RE: Nearhoof v. Nationstar |

GianDominic:

As you know, Nationstar presently has the foreclosure sale scheduled for 8/22.  In light of this morning's ruling denying your client's request for a preliminary injunction, this sale will move forward.  Based on our prior conversations, it is my understanding that having lost the preliminary injunction, your client now intends to delay foreclosure via the filing of a bankruptcy petition.  Please be advised that we would consider such a filing a fraudulent foreclosure delay tactic in violation of the Bankruptcy Code.  As such, if Plaintiff files for bankruptcy, we will seek *in rem* relief from the automatic stay and/or attorneys' fees/sanctions as appropriate.  That is, of course, unless we can resolve the foreclosure in a way that can still benefit your client.  Feel free to call at your convenience to discuss the possibilities available to your client.



### Elena A. Leonard
**Attorney at Law**
1851 East First Street, Tenth Floor, Santa Ana, California  92705
Phone: 714-918-7000 ▪ Facsimile: 714-918-6996
eleonard@greenhall.com

🌲 Please consider the environment before printing this e-mail. The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify Elena Leonard immediately by e-mail, at eleonard@greenhall.com, and delete the original message.







# EXHIBIT F

| | |
|---|---|
| **From:** | Jered T. Ede |
| **Sent:** | Thursday, August 31, 2017 11:24 PM |
| **To:** | 'GianDominic Vitiello'; Elena A. Leonard |
| **Subject:** | RE: Nearhoof v. Nationstar |

GianDominic:

This evening I spoke with a man by the name of John Edwards who is claiming Mr. Nearhoof has come to him asking him to take over representation. During the conversation, I relayed to him our current settlement status, and he indicated in light of that he may again file/seek bankruptcy relief. As we have indicated before, in light of your client's years-long campaign to delay foreclosure, and his stated intent to file bankruptcy to delay foreclosure if the Preliminary Injunction was not granted (which it was not), we would view such a filing as bad faith and would seek in rem relief from the stay and/or sanctions against your client. I've conveyed this to Mr. Edwards, but I wanted to reiterate this to you as well to the extent you still have contact with your client. We will not tolerate further delays to the foreclosure. Regardless of the in rem relief, if your client files for bankruptcy protection, we'll also include that as a basis for sanctions against your client (as a frivolous action) in the 128.7 motion we will be filing.

Thank you.



**Jered T. Ede**
**Partner**

1851 E. First Street, 10th Floor, Santa Ana CA 92705-4052
Phone: (714) 918-7000 ▪ Facsimile: (714) 918-6996
jede@hhlawyers.com ▪ HHLawyers.com













# EXHIBIT G

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| GianDominic Vitiello (SBN 262244) KATCHKO, VITIELLO & KARIKOMI, PC | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**09/18/2017** at 03:03:00 PM<br><br>Clerk of the Superior Court<br>By Jorge A Gomez, Deputy Clerk |
| 11500 W. Olympic Blvd., #512 Los Angeles CA 90064 | |
| TELEPHONE NO.: 3109439587    FAX NO. *(Optional):* 4242040401 | |
| E-MAIL ADDRESS *(Optional):* gdvitiello@kvklawyers.com | |
| ATTORNEY FOR *(Name):* HANS NEARHOOF | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 CIVIC CENTER DR W
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF/PETITIONER: Hans Nearhoof

DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 30-2017-00927329-CU-OR-CJC |
|---|---|

| A conformed copy will not be returned by the clerk unless a method of return is provided with the document. |
|---|

| This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.) |
|---|

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☑ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):*    on *(date):*
   (4) ☐ Cross-complaint filed by *(name):*    on *(date):*
   (5) ☑ Entire action of all parties and all causes of action
   (6) ☐ Other *(specify):*\*

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☑ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 9/18/2017

GIANDOMINIC VITIELLO . . . . . . . . . . . . . . . . . . ▶ _____
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)    (SIGNATURE)

\*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☑ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.\*\*
   Date:

_____    ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)    (SIGNATURE)

\*\* If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*

4. ☒ Dismissal entered as requested for *(date):* 9/18/17

5. ☐ Dismissal entered on *(date):*    as to only *(name):*

6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed    ☐ means to return conformed copy

**J. Gomez**

Date: 9/18/17    David H. Yamasaki, Clerk of the Court    Clerk, by _____ , Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]
**REQUEST FOR DISMISSAL**
Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**CIV-110**

| PLAINTIFF/PETITIONER: Hans Nearhoof | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nationstar Mortgage, LLC | 30-2017-00927329-CU-OR-CJC |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   - a. ☐ not recovering anything of value by this action.
   - b. ☐ recovering less than $10,000 in value by this action.
   - c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____           ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

---

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

<u>**NEARHOOF V. NATIONSTAR MORTGAGE LLC ET AL**</u>
Case No. 30-2017-00927329-CU-OR-CJC

I am an employee in Los Angeles County, State of California. I am over the age of 18 and not a party to the within action. My business address is 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064.

On September 18, 2017, I served the foregoing documents described as **REQUEST FOR DISMISSAL** on the interested parties in said action:

SEE ATTACHED SERVICE LIST

☑   **BY MAIL** as follows:

    ☑   **REGULAR MAIL** – I am "readily familiar" with Katchko, Vitiello & Karikomi, PC's practice of collection and processing correspondence for mailing. Pursuant to that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

    ☐   **BY OVERNIGHT MAIL** – I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided.

☐   **BY PERSONAL SERVICE** as follows: I delivered such envelope by hand to the office of the addressee.

☑   **VIA FACSIMILE** as follows: I faxed a copy of the original document to the facsimile telephone number of the addressee listed on the attached service list. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☑   **STATE**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**DATED**: September 18, 2017

GIANDOMINIC VITIELLO

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd, Suite 512
Los Angeles, CA 90064

## SERVICE LIST

| | |
|---|---|
| Elena A. Leonard<br>Jered T. Ede<br>Green & Hall<br>1851 East First St. 10th Floor<br>Santa Ana, CA<br>Fax: 714-918-6996 | Attorneys for Defendants Nationstar Mortgage LLC; The Bank of New York Mellon as trustee for CHL Mortgage Pass-Through Certificates, Series 2003-56 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1851 East First Street, 10th Floor, Santa Ana, CA 92705-4052.

A true and correct copy of the foregoing document entitled (*specify*):  DECLARATION OF ELENA A. LEONARD IN SUPPORT OF MOTION FOR RELIEF FROM STAY AND *IN REM* ORDER  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  May 24, 2018  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  May 24, 2018 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe A. Smith
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5040
Santa Ana, CA 92701

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 24, 2018 | Rebecca Vogel | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| | | |
|---|---|---|
| Amrane Cohen<br>efile@ch13ac.com<br>**Chapter 13 Standing Trustee** | ustpregion16.sa.ecf@usdoj.gov<br>**United States Trustee** | Ronald A Norman, Esq.<br>ronaldanorman@sbcglobal.net<br>david@jshoffmanlaw.com<br>**Attorneys for Debtor Hans Nearhoof** |
| Dane W. Exnowski, Esq.<br>dane.exnowski@mccalla.com<br>bk.ca@mccalla.com<br>**Attorneys for HSBC Bank USA,<br>National Association, as Trustee for<br>J.P. Morgan Alternative Loan Trust<br>2006-A5** | Edward A Treder, Esq.<br>cdcaecf@bdfgroup.com<br>**Courtesy NEF** | Gilbert R Yabes, Esq.<br>ecfcacb@aldridgepite.com<br>GRY@ecf.inforuptcy.com<br>gyabes@aldridgepite.com<br>**Courtesy NEF** |

2. **SERVED BY U.S. MAIL**

| | | |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Franchise Tax Board<br>Bankruptcy Section MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Bayview Loan Servicing, LLC<br>4425 Ponce de Leon Blvd., 5th Floor<br>Coral Gables, FL 33146-1837 |
| Select Portfolio Servicing, Inc.<br>P.O. Box 65250<br>Salt Lake City, UT 84165-0250 | Seterus, Inc.<br>P.O. Box 1077<br>Hartford, CT 06143-1077 | |

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR E-MAIL**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    **F 9013-3.1.PROOF.SERVICE**