HALL GRIFFIN LLP
HOWARD D. HALL, State Bar No. 145024
  *hhall@hallgriffin.com*
VALERIE J. SCHRATZ, State Bar No. 272418
  *vschratz@hallgriffin.com*
ELENA A. LEONARD, State Bar No. 303838
  *eleonard@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Creditor/Movant
NATIONSTAR MORTGAGE LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>HANS NEARHOFF,<br><br>Debtor. | CASE NO. 8:17-bk-13818-ES<br><br>Chapter 13<br><br>JUDGE:  Hon. Erithe A. Smith<br>CTRM.:  5A<br><br>**REPLY TO DEBTOR'S RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY; SUPPLEMENTAL DECLARATION OF CREDITOR NATIONSTAR MORTGAGE LLC**<br><br>DATE:  June 21, 2018<br>TIME:   10:00 a.m.<br>CTRM.:  5A |

Creditor Nationstar Mortgage LLC ("Nationstar") hereby submits this Reply to Debtor Mr. Hans Nearhoof's ("Debtor") Response to Motion Regarding the Automatic Stay and Declaration(s) in Support ("Response").

As a preliminary matter, Debtor's Response fails to provide any evidence of the allegations made in the Response. For example, Debtor contends that all Chapter 13 plan payments are current through the Chapter 13 trustee, but Debtor provides no evidence of any such payments. Debtor claims "[m]ore payments have been made to Movant than the

1  Motion accounts for," but Debtor does not provide evidence or details of any such alleged
2  payments. Debtor makes multiple blanket assertions that there is equity in the Property,
3  but Debtor neither provides evidence of such equity nor even specifies the amount of
4  claimed equity. In addition, Debtor makes blanket statements that this bankruptcy case
5  was filed in bad faith and that the Property is necessary for an effective reorganization, but
6  Debtor fails to provide any support for such assertions. Given such blatant failures,
7  Debtor's Response is a sham and should be disregarded.

8  Furthermore, Debtor makes contradictory statements in his Response. Debtor twice
9  claims both that "all postpetition plan payments are current" but then states also states that
10 "[a]ll post-petition arrearages will be cured by the hearing date on this motion."

11 In reality, while Debtor has made some payments following the filing of this
12 Motion, Nationstar did not misrepresent the status of payments at the time of filing the
13 Motion. Furthermore, such post-Motion payments are nowhere near the amounts required
14 to pay required post-petition arrearages, and even after such payments are applied Debtor's
15 post-petition arrearages total $37,434.28. *See Declaration of Nationstar,* ¶¶ 4-5. Unless
16 Debtor brings funds totaling $37,434.28 to the hearing, Nationstar requests that the Court
17 grant this Motion in its entirety.

18 Finally, Debtor's claim that there was insufficient notice of the hearing on this
19 Motion is entirely without merit. Nationstar filed and e-served this Motion on May 24,
20 2018. Hearing on the Motion is set for June 21, 2018. Thus, Debtor had notice of this
21 Motion more than 21 days before the scheduled hearing as required by Local Bankruptcy
22 Rule 9013-1(d)(1).

23 It is clear that Debtor's filing of this action was in bad faith, clearly evidenced by
24 his transfers of the Property, his repeated failures to make plan and post-petition payments
25 (despite his conclusory claims and other filings to the contrary),

26 Debtor has filed not one, but two, unsuccessful lawsuits against Nationstar for the
27 sole purpose of delaying foreclosure. Once civil litigation failed to stop the pending
28 foreclosure, Debtor filed this bankruptcy following Debtor's counsel's multiple explicit

1  explanations that the filing would be done solely to delay the sale.  Moreover, Debtor's
2  transfers of the Subject Property to Eastwood Group LLC and a transfer of the Subject
3  Property back to Debtor just a few days before the scheduled foreclosure and this
4  bankruptcy filing are highly suspicious.  Debtor signed all such conveyances.  Such actions
5  by Debtor cannot be described as anything other than a complete abuse of the bankruptcy
6  process, by which Debtor gained the protections of the automatic stay through fraudulent
7  means.

8        Based upon the foregoing and the matters discussed mote fully in Nationstar's
9  Motion, Nationstar requests that this Court grant its Motion for Relief from the Automatic
10  Stay under 11 U.S.C. § 362(d)(4)(b), including the issuance of in rem relief.

12  DATED:  June 14, 2018            HALL GRIFFIN LLP

                                    By: _____
                                        Howard D. Hall, Esq.
                                        Valerie J. Schratz, Esq.
                                        Elena A. Leonard, Esq.
                                    Attorneys for Creditor/Movant
                                    NATIONSTAR MORTGAGE LLC

## DECLARATION OF NATIONSTAR MORTGAGE LLC

I, Fay Janati, declare as follows:

1. I am Assistant Secretary of Litigation Support for Nationstar Mortgage LLC ("Nationstar"), a creditor and movant in the above-entitled action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I am one of the custodians of the books, records and file of Nationstar that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Nationstar on behalf of Nationstar. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Nationstar's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. Following the filing of Nationstar's Motion for Relief from Stay, Debtor submitted some additional payments to Nationstar, but has failed to bring the account current and has not come close to paying all post-petition amounts due.

4. Below is a schedule of all payments Nationstar received on Debtor's loan after the Motion was prepared:

| Date | Amount |
| --- | --- |
| May 16, 2018 | $4,029.87 |
| June 5, 2018 | $ 284.59 |
| June 6, 2018 | $4,029.87 |

/ / /

/ / /

1

REPLY TO DEBTOR'S RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY; SUPPLEMENTAL
DECLARATION OF CREDITOR NATIONSTAR MORTGAGE LLC
P:\DOCS\Nationstar.Nearhoof (Refile)\Pleadings\Reply.Motion for Relief from Stay.docx

5. Even with these payments, Debtor has not made most of the required post-petition payments on this loan. As of the signing of this Declaration, Debtor's Total Post-Petition Delinquency is $37,434.28.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14 day of June, 2018, at Coppell, Texas.

_____
Fay Janati

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1851 East First Street, 10th Floor, Santa Ana, CA 92705-4052.

A true and correct copy of the foregoing document entitled (*specify*):  REPLY TO DEBTOR'S RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY; SUPPLEMENTAL DECLARATION OF CREDITOR NATIONSTAR MORTGAGE LLC  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 14, 2018  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 14, 2018 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe A. Smith
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5040
Santa Ana, CA 92701

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 14, 2018 | Rebecca Vogel | *[signature]* |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                      F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

| | | |
|---|---|---|
| Amrane Cohen<br>efile@ch13ac.com<br>**Chapter 13 Standing Trustee** | ustpregion16.sa.ecf@usdoj.gov<br>**United States Trustee** | Ronald A Norman, Esq.<br>ronaldanorman@sbcglobal.net<br>david@jshoffmanlaw.com<br>**Attorneys for Debtor Hans Nearhoof** |
| Dane W. Exnowski, Esq.<br>dane.exnowski@mccalla.com<br>bk.ca@mccalla.com<br>**Attorneys for HSBC Bank USA, National Association, as Trustee for J.P. Morgan Alternative Loan Trust 2006-A5** | Edward A Treder, Esq.<br>cdcaecf@bdfgroup.com<br>**Courtesy NEF** | Gilbert R Yabes, Esq.<br>ecfcacb@aldridgepite.com<br>GRY@ecf.inforuptcy.com<br>gyabes@aldridgepite.com<br>**Courtesy NEF** |

2. <u>**SERVED BY U.S. MAIL**</u>

| | | |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Franchise Tax Board<br>Bankruptcy Section MS A340<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | Bayview Loan Servicing, LLC<br>4425 Ponce de Leon Blvd., 5th Floor<br>Coral Gables, FL 33146-1837 |
| Select Portfolio Servicing, Inc.<br>P.O. Box 65250<br>Salt Lake City, UT 84165-0250 | Seterus, Inc.<br>P.O. Box 1077<br>Hartford, CT 06143-1077 | |

3. <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR E-MAIL**</u>

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                **F 9013-3.1.PROOF.SERVICE**