ORIGINAL

**THE LAW OFFICES OF RONALD A NORMAN**
Ronald A Norman SBN 62282
Law Offices of Ronald A Norman
5404 Whitsett Avenue, Suite 133
Valley Village, CA 91607
818-761-7181
Fax : 818-232-9283
ronaldanorman@sbcglobal.net



FILED

JUL 17 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

HANS NEARHOFF

                    Debtors

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 8:17-bk-13818-ES

Chapter : 13

RESPONSE OF DEBTOR, HANS NEARHOFF, TO PLEADINGS FILED NATIONSTAR MORTGAGE LLC ENTITLED "REPLY TO DEBTOR'S RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY"

Declaration of Debtor Hans Nearhoff

Hearing Continued

Date: July 19, 2018
Time: 10:00AM
Courtroom: 5A
411 W Fourth Street
Santa Ana, California 92701

To the Honorable Erithe A. Smith, United States **Bankruptcy Court Judge,** the United States Trustee, the Chapter 13 Trustee, and all other parties in interest:

On June 21, 2016, this Court continued the hearing on the motion of Nationstar Mortgage LLC to July 19, 2018 and ordered Debtor to provide proof of payment of all post-petition property taxes. by July 5, 2018,.

This Court also ordered Nationstar Mortgage LLC to file any response thereto by

July 12, 2018.

On July 12, 2018, Nationstar Mortgage LLC filed pleadings entitled "Reply to Debtor's Response to Motion Regarding the Automatic Stay".

Said pleadings are so rife with misrepresentations and falsehood that Debtor is compelled to respond, and does so as follows:

As is set forth in the declaration of the Debtor, provided herewith, Debtor's mortgage payments include property taxes and all of his post-petition property taxes are paid.

As is also set forth in the declaration of Debtor, the real property subject to this motion is not his "second home", it is rather his only home and personal residence to which he has not transferred title in bad faith..

Further, as is set forth in the declaration of Debtor, he has not filed "multiple civil litigation actions" against Nationstar Mortgage LLC and does not owe Nationstar Mortgage LLC attorneys fees and costs incurred "post-petition", or otherwise.

Finally as is set forth in the declaration of Debtor, Debtor has faithfully tendered all of his post-petition mortgage payments, and remains ready, willing and able to provide all past, present and future post-petition mortgage payments.

Dated: July 17, 2018

/s/ Ronald A Norman
_____
Attorney for Debtors

## DECLARATION OF DEBTOR HANS NEARHOFF

I, Hans Nearhoff, Declare:

1. I am over the age of 18 and the Debtor in the above entitled bankruptcy case whereby I am personally familiar with the facts set forth in this declaration, except as to those known to me on information and belief, whereby if called upon to do so, I could and would be able to competently testify to the following:

2. I make this declaration in support of my response to the pleadings filed by Nationstar Mortgage LLC entitled "reply to debtor's response to motion regarding the stay.

3. I filed my Chapter 13 bankruptcy September 26, 2017 whereupon I was informed and believe that pursuant to the applicable bankruptcy rules I became obligated to pay my regular mortgage payments each month on the first day of each month beginning with the payment due October 1, 2017.

4. I then issued a personal check to Nationstar Mortgage and timely mailed it to the address I knew to be the usual address to which my mortgage payments would normally be sent.

5. In April 2018, I noticed that none of my payments totaling $28,209.09 had been credited, or acknowledged whereby upon my direct inquiry, Nationstar Mortgage informed me that my payments must be in certified funds, and payable to "Mr. Cooper" not Nationstar Mortgage as "Mr. Cooper" is the new name for Nationstar Mortgage, and was also told to send my payment to the bankruptcy department at a different address than the address to where I had been sending my payments.

6. As to the real property subject to this bankruptcy case, the mortgage payments include property taxes as is indicated by my mortgage agreement at page 4 and my most recent mortgage statement of which true and correct copies attached hereto as exhibit 1.

7. The real property subject to my bankruptcy and the motion of Nationstar Mortgage LLC is not my "second home" and is in fact my only home in which I reside with my sister and hope to permanently have as my personal residence for life..

8. I transferred title to my property only for estate planning and potential legal liability purposes because of my exposure as a real estate sales agent but not for the purpose of thwarting foreclosure.

9. I was encouraged by certain civil litigation attorneys to file an action against Nationstar Mortgage LLC  for  what I was informed by those attorneys and believe were very justifiable causes.

10. I did not initiate or cause to be initiated "multiple civil litigation actions" against Nationstar Mortgage LLC to delay foreclosure.

11. I elected to dismiss those actions because of the costs and the more viable alternative of chapter 13 bankruptcy,

12. I do not owe Nationstar Mortgage LLC any attorneys fees and costs whatsoever, "post-petition". or otherwise..


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: July 17, 2018

_____
Hans Nearhoff

# mr. cooper
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

**INFORMATIONAL STATEMENT**

## CONTACT INFORMATION
**Customer Service: 877-343-5602**
Monday - Friday: 8 a.m. – 5 p.m. CT
**www.mrcooper.com**
Your Dedicated Loan Specialist is Latory Lakes and can be
reached at (866)-316-2432 or via e-mail at:
**8950 Cypress Waters Blvd., Coppell, TX 75019**

| | |
|---|---|
| Statement Date: | 06/19/2018 |
| Loan Number: | 617873260 |
| Payment Due Date: | 07/01/2018 |
| **Total Payment Amount:** | **$40,298.70** |

809820.2-NNNN-30090896 3501
HANS NEARHOOF
2495 TEQUESTRA 18
TUSTIN, CA 92782

Property Address:
2495 TEQUESTRA 18
TUSTIN, CA 92782

Our records show that you are a debtor in bankruptcy. We are sending this
statement to you for informational and compliance purposes only. It is not an
attempt to collect a debt against you.
If you want to stop receiving these statements, please contact us in writing at
the address on the following page.

## Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $500,235.22 |
| Interest Rate (Until 01/01/2014) | 5.375% |
| Escrow Balance | ($30,293.01) |
| Prepayment Penalty | No |

The Principal Balance does not represent the payoff amount of the account and is not to be used for payoff purposes.

## Explanation of Total Payment Amount (Post Petition Payment)

| | |
|---|---|
| Principal | $1,214.02 |
| Interest | $2,240.64 |
| Escrow Amount (for Taxes and Insurance) | $575.21 |
| **Regular Monthly Payment** | **$4,029.87** |
| Past Unpaid amount | $36,268.83 |
| Partial Payment (Unapplied) | $0.00 |
| **Total Payment Amount** | **$40,298.70** |

## Summary of Amounts Past Due Before Bankruptcy Filing (Pre Petition Arrearage)

This box shows amounts that were past due when you filed for bankruptcy.
It may also include other allowed amounts on your mortgage loan.
The Trustee is sending us the payments shown here.
These are separate from your regular monthly mortgage payments.

| | |
|---|---|
| Total Due at Filing | $172,929.33 |
| Amount Applied to Claim Arrears Last Month | $0.00 |
| Total Amount Applied to Claim Arrears | $0.00 |
| Current Balance | $172,929.33 |

## Past Payments Breakdown

| | Payments Rec'd Since 05/22/2018 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied) | $0.00 | $4,029.87 |
| **Total** | **$0.00** | **$4,029.87** |

## Transaction Activity (05/22/2018 to 06/19/2018)

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 06/06/2018 | Partial Payment | $4,029.87 | | | | $4,029.87 |
| 06/04/2018 | Partial Payment | $284.59 | | | | $284.59 |

## Important Messages                                          (See Reverse side for Additional Critical Notices)

As shown above, your escrow account has a negative balance. This shortage in your escrow account may result in an increase in your monthly escrow
payment. We recommend you make additional payments to your escrow to eliminate or reduce the shortage.

Lender Paid Expenses are funds paid by Mr.Cooper on your behalf to another company. These expenses may include, but are not limited to, Legal Fees,
Property Taxes, Homeowners Insurance, and Property Inspections.

While an account is involved in a pending bankruptcy case, Mr.Cooper is unable to offer an automatic payment plan. Once the loan is no longer subject

---

# usbank

## CASHIER'S CHECK

No. 7251512834

90-3582
1222

DATE:   JULY 02, 2018

PAY   FOUR THOUSAND TWENTY NINE DOLLARS AND 87 CENTS

$   4,029.87

TO THE
ORDER OF:   MR COOPER

PURPOSE/REMITTER: ACCT 617873260 HANS NEARHOOF

Location:   7251 Tustin Newport Ave

U.S. Bank National Association
Minneapolis, MN 55480



AUTHORIZED SIGNATURE

⑈725ı5ı2834⑈ ⑇ı22235821⑇ı5341002ı953⑈

*# 06 17873260*

RECORDING REQUESTED BY:
Bank of America, N.A.
Attn: Home Retention Division: CA6-919-02-46
400 NATIONAL WAY
Simi Valley, CA 93065

Loan Number: 212920853788691792782

This document was prepared by _____ Bank of America, N.A. _____

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between HANS NEARHOOF, (the "Borrower(s)") and Bank of America, N.A. ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 19th of September, 2003 and in the amount of $395,200.00 and (2) the Note bearing the same date as, and secured by, the Security Instrument which covers the real and personal property described in the Security Instrument and defined therein as in the "Property", located at 2495 Tequestra #18, Tustin, CA, 92782. (See Exhibit A for Legal Description if applicable) "Property"

See Exhibit B for assignments of record if applicable

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) the Mortgage or Deed of Trust ("Mortgage") on the Property and (2) the Note secured by the Mortgage, and any previous modifications to the Mortgage and/or Note. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

**MULTISTATE MODIFICATION AGREEMENT** -- Single Family --
**(C3_2085 rev. 5/2013 Bank of America, N.A.)**          (page 1 of 12 pages)


BONYMBSEM-264772                                              8116 08-09

I have received three copies of this Agreement. After I sign and return two copies of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1.  **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

    A.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents.  A Permissible change would be any transfer that the lender is required by law to allow.

    B.  I have provided documentation for all income that I receive and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

    C.  Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

    D.  I have made all payments required under a trial period plan or loan workout plan.

**MULTISTATE MODIFICATION AGREEMENT – Single Family –**
**(C3_2085 rev. 5/2013 Bank of America, N.A.)**          (page 2 of 12 pages)



BONYMBSEM-284772                                                          8116 06-09

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (1) I return signed and notarized copies of this Agreement to Lender, (2) the Lender accepts this Modification by signing it, and (3) the Modification Effective Date (as defined in Section 3 below) has occurred. I further understand and agree that Lender will not be obligated to modify the Loan Documents if I fail to meet any of the requirements under this Agreement.

3. **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on January 1, 2014 (the "Modification Effective Date"). I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan or loan workout plan, this modification will not take effect. The Maturity Date will be: October 1, 2033.

   A. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan. The new principal balance of my Note will be $505,037.41 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means that interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   B. Interest at the rate of 5.375% will begin to accrue on the New Principal Balance as of December 1, 2013 and the first new monthly payment on the New Principal Balance will be due on January 1, 2014. My payment schedule for the modified Loan is as follows:

| Months | Interest Rate | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|
| 238 | 5.375% | $3,454.66 | $556.99 may adjust periodically | $4,011.65 may adjust periodically | January 1, 2014 |

*If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The terms in this Section 3.B. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.

C. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

4. **Additional Agreements**. Lender and I agree to the following:

A. All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing.

B. This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

C. I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

**MULTISTATE MODIFICATION AGREEMENT – Single Family –**
**(C3_2085 rev. 5/2013 Bank of America, N.A.)**          (page 4 of 12 pages)



BONYMBSEM-284772                                                          8116 06-09

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is:

5404 Whitsett Avenue, Suite 133
Valley Village, CA 91607

A true and correct copy of the foregoing document described as:

RESPONSE OF DEBTOR, HANS NEARHOFF, TO PLEADINGS FILED NATIONSTAR MORTGAGE LLC
ENTITLED "REPLY TO DEBTOR'S RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR
5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to
controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be
served by the court via NEF and hyperlink to the document. On 02-04-2015 I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are
on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Frank Cadigan frank.cadigan@usdoj.gov
Weneta M Kosmala (TR ) ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
Misty A Perry Isaacson misty@ppilawyers.com, ecf@ppilawyers.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov• 2.

SERVED BY UNITED STATES MAIL: On January14, 2015, I served the follow
☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 02-04-2015 , I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be
completed no later than 24 hours after the document is filed.
☐ Service information continued on attached page

Premier Ventures , LLC , 1415 East 17th Street, Suite 270, Santa Ana, CA 92705

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 02/25/2014, I will
serve the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in
writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here
constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours
after the document is filed.

☐ Service information continued on attached page

Honorable Catherine Bauer--bin on the 5th fl.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is
true and correct.

| Date | Type Name | Signature |
|---|---|---|
| 02-04-2015 | David Park | /s/  David Park |